# WHEELING.

REITZ & CO. vs. BENNETT ET ALS.

1873.
June Term.

L. G. REITZ AND ANDREW S. CARE, PARTNERS UNDER
THE FIRM NAME OF L. G. REITZ & CO., PLAIN-
TIFFS AND APPELLEES, *against* E. A. BENNETT IN
HIS OWN RIGHT, AND AS ADM'R OF JAMES BEN-
NETT, DEC'D, MATILDA BENNETT, J. C. C. HAS-
KINS AND CLARRISSA HIS WIFE, JOHNSON CLARK
AND HARRIET HIS WIFE, AND B. F. MITCHELL,
SHERIFF AND, AS SUCH, COMMITTEE OF JAMES
BENNETT, DEFENDANTS, AND E. A. BENNETT,
APPELLANT.

| 6 | 417 |
|---|-----|
| 40 | 165 |
| 6 | 417 |
| 46 | 409 |
| 6 | 417 |
| 47 | 831 |
| 6 | 417 |
| 54 | 654 |

Decided July 15th, 1873.

### SYLLABUS.

1. An administrator ought not to be charged with the debts due to the estate of his intestate at the time *when they become due*, but only

51

at the time when he *actually received them;* except such debts as are lost by his negligence or improper conduct.

2. As a general rule, though perhaps not universal, when there are no exceptions filed to a commissioner's report, and the report is confirmed by decree of the court below, an appellate court will not look into the report—The parties in interest will be taken to have acquiesced in the report.

3. But this rule does not apply where the decree rendered upon the report is materially contrariant thereto.

4. Although no exceptions are filed to a commissioner's report, and the report is confirmed, if the decree of confirmation, upon its face, shows material error as to matter of law, prejudicial to the appellant, for such error the decree should be reversed.

The case is stated in the opinion of the Court.

*Boggess* for Appellant.

*Cole* for Appellee.

HAYMOND, President.

In this case the Plaintiffs filed their bill in the Circuit Court of Ritchie county, alleging that one James Bennett of said county, died intestate in the month of April 1869—That at his death he was seized and possessed of a considerable amount of real estate, in the bill mentioned and described. That on the first day of September 1869, the defendant Edward A. Bennett was appointed administrator of the decedent—That appraisers were appointed—That at his death the decedent was indebted to Plaintiffs in $75 or $80 on store account— That after his death Plaintiffs furnished the necessary burying clothes for the decedent, which, added to the other account, increased the debt of Plaintiffs to $103.34— That after defendant Bennett was appointed administrator, Plaintiffs presented their account to said Bennett frequently, for payment out of any assets he had in his hands as administrator, but that said Bennett put Plaintiffs off from time to time, under the plea and representation that so soon as he could collect the debts due the decedent he would pay off the claim—That finding the

1873.
June Term.

Reitz & Co.
v.
Bennett et als.

administrator was intending to "baffle" them, Plaintiffs instituted suit against the administrator to recover the amount of the account; and at December term 1870, in the Circuit Court of said county, obtained a judgment for the sum of $103.34, with interest from the first day of May 1869; upon which a *fi. fa.* was issued, placed in the hands of the Sheriff of said county, and by him returned, "No effects in the hands of the said administrator to satisfy this execution." The bill does not allege that any personal estate or assets of the decedent, ever came to the hands of the administrator, or that he had converted any assets to his own use, or had committed any waste of assets, but simply alleges that the administrator has never settled up the estate of decedent, nor ever taken any steps in that direction, although nearly ten years have elapsed since his appointment. Plaintiffs further state, that they are advised that they have the right to come into equity, and ask for a decree compelling the administrator to settle up the estate of decedent; and if it should appear that there are no personal assets in the hands of the administrator, then Plaintiffs claim they have a right to subject the real estate of decedent to the payment of his debts. The bill makes the administrator, widow and legal heirs of decedent, Defendants thereto, and prays that an account may be taken by and under a decree of the Court of the debt due Plaintiffs, and of all other debts due from the decedent at his death, and which remain unpaid. The bill also prays that an account be taken of the personal estate and effects received by the administrator, and that the personal estate, and effects of decedent be applied in payment of all creditors who will come in and contribute to the expense of this suit &c. The bill was taken for confessed at March rules 1871, as to resident Defendants, and order of publication was executed as to absent Defendants. Afterwards at the April Term 1871, of the Court the defendant J. C. C. Haskins, by leave of court filed his answer to Plaintiffs' bill. And thereupon, by consent of parties,

as the decree recites, the cause was referred to a commissioner, to audit, state, and settle the account of the administrator of the decedent, and that he report a settlement thereof to the Court. The commissioner was also directed to convene all the creditors of the decedent before him to prove their debts; and was also directed to report the real estate of which decedent died seized, and the liens existing thereon. Haskins, in his answer, claims that decedent at his death was indebted to him in the sum of $2.000, payable in instalments, the last of which became payable 1st of January 1868, and that the whole amount is due and unpaid, and constitutes a purchase money lien on a material part of the land sold to decedent by Haskins. He also avers in his answer that the personal estate of decedent is sufficient to pay his debts &c. The commissioner made his report to the Court, to which several exceptions were filed by defendants Haskins and Clark. The exceptions were sustained, and the cause was re-committed to the commissioner. Afterwards the commissioner made another report, to which there were no exceptions filed. Afterwards, at the August term 1872, of the Court, the cause was heard on bill, exhibits, former orders, decrees, answer of Haskin, and general replication thereto, together with the report of the commissioner which was confirmed, there being no exceptions thereto filed. The decree recites that; "It appearing to the Court from the said report that E. A. Bennett, administrator of James Bennett, deceased, has personal assets in his hands amounting to the sum of two thousand nine hundred and sixty-three dollars and sixty-seven cents, interest being computed on said assets up to the first day of December 1871, a list of which assets is filed with the report of commissioner marked as exhibit T ; and it further appearing to the Court, by said report, that the debts proved against the estate of the decedent amount to the sum of $1.314.14 cents; and it further appearing by said settlement with the administrator of the said estate, that he has failed to deliver up to the commissioner the assets

in his hands, or a sufficient amount to pay off and dis-charge the indebtedness of the said estate, and that the administrator *has taken no steps to collect* the same, it is therefore considered by the Court &c." The Court then proceeded by its decree, to give a personal decree against the administrator in favor of each of the creditors of the estate, together with their costs, with this provision therein: "And that unless the Defendant (meaning the admisistra-tor) or some person for him does, within 30 days from this date, pay to the Plaintiffs and the several persons herein before mentioned, the several sums of money herein be-fore decreed severally to them, together with the interest so decreed to be paid, and the costs decreed to Complain-ants, that then it is adjudged, ordered, and decreed that the Defendant deliver to William H. Douglass, receiver of this Court, within ten days after the expiration of the said thirty days, the same notes and the bank stock men-tioned in exhibit T., filed with the said commissioners report; that the said receiver take charge of and collect said notes, and apply the proceeds, or so much thereof as may be necessary, of said collections to the payment of the several sums hereinbefore decreed to be paid to the several persons mentioned. · And further, if said Defen-dant (meaning the administrator) or some one for him, fails to pay, to the Complainants, and the other persons hereinbefore mentioned, and then shall also fail to deliver, within the next following ten days, to the receiver of this Court, the notes and bank stock aforesaid, as hereinbefore ordered, it is then further ad-judged, ordered, and decreed that the said Defendant be attached by his body as for contempt, and held in cus-tody until he shall have complied with, and performed the terms and provisions of this decree." This is a very harsh decree as against the administrator, and we would feel inclined, owing to the conduct of the administra-tor, to affirm it, if there was any sufficient grounds ap-parent in the cause to support it. It is manifest from the face of the decree, taken in connection with exhibit

T., filed with the commissioner's report, which is made part of the decree, that the $2,963.67 and interest, mentioned in the decree as being assets in the hands of the administrator, is not money, or the present equivalent of money. But that it is altogether composed of promissory notes and bonds, which had been made to decedent before his death, (except $100 in bank stock), and which came into the hands of the admistrator to be administered. It is no where charged or ascertained that the administrator has collected any part of the assets, or that he has committed any waste thereof, nor that any part of the assets have been lost by his negligence, or should have been realized but for his negligence; nor is it any where so charged. As a general rule, though perhaps not universal, when there are no exceptions filed to a commissioner's report, and the report is confirmed by decree, we will not look into the report. The parties in interest will be taken to have acquiesced therein. But we think this rule only prevails, when the decree rendered upon the report is in accordance therewith, and not materially contrary thereto ; and that we may properly look into the report sufficiently to ascertain this fact. We are also of opinion, that although no exceptions be filed to the report of the commissioner, and the report be confirmed, and the decree of confirmation shows material error as to matter of law upon its face, prejudicial to the appellant, that for such error we may reverse the decree. In this case, a part of the report of the commissioner is made part of the decree, which, when taken in connection with the decree itself, clearly shows that the whole of the assets with which the administrator is charged is for promissory notes and bank stock, and interest thereon, belonging to the intestate at his death, and not for the proceeds thereof, or for the loss of any part thereof by the negligence or misconduct of the administrator. He is simply charged with the notes and bank stock, including interest thereon, without ascertaining what amount thereof had been re-

alized, or that could be realized by him, or whether any part had been lost by his negligence. An examination of the report shows the same thing. In the case of Cavendish *vs.* Fleming, 3 Munf. 198, it was decided by the Court of Appeals of Virginia that, "An executor is not to be charged with the debts due the estate of his testator, at the time *when they become* due, but only at the time when he *actually received them*; except such debts are lost by his negligence or improper conduct." The Court in delivering its opinion in this case said; "The Court is of opinion that the decree is erroneous in charging the executor with the debts, either old or new, due to the estate, at the time when they became due; except in those cases where the debts were lost by his negligence or improper conduct. They should have been charged to him at the time when *actually received*; of which his account rendered on oath would be *prima facie* evidence. The decree is erroneous in charging the executor with interest from the time the debts became due, without any proof of their having been received." See also Dilliard vs. Tomlinson, 1 Munf. 183; "An executor (says the Court in the same case) except as to debts lost by his negligence or improper conduct, is chargeable with interest only on his actual receipts." There is no reason why the rule applicable to executors in such case, should not apply to administrators. In the case before us the administrator, as clearly appears by the decree, is not charged with any amount received by him upon the notes and bank stock which came to his hands as administrator, or for the whole or any part thereof as being lost by his negligence or misconduct, but is simply charged with the notes and bank stock, with interest on the whole amount, from the time interest was due thereon. And yet there is a personal decree against him for debts &c. The decree, from its face, seems to have been predicated upon the erroneous supposition that it was the duty of the administrator to deliver up to the commissioner, directed to make the settlement, the assets in

his hands, or a sufficient amount thereof to satisfy the indebtedness of the estate. The administrator had not been directed to do any such thing, by any order of the Court. The decree takes no notice of the debt claimed by Haskins, amounting to $2,000 principal. Whether this claim was abandoned or not, does not appear. Perhaps it may have been abandoned, or was not proved, or does not exist. For the reasons herein stated the decree appealed from must be reversed, and the Appellant recover against the Appellees his costs here expended. And this Court proceeding to render such decree as the Court below ought have rendered, the cause must be remanded to the Circuit Court of Ritchie county for further proceedings therein, and there to be had; with directions to said Circuit Court to re-commit the same to a commissioner, to audit and settle with the Appellant, as administrator, according to the principles governing courts of equity, and if asked, to direct further proof of debts against the estate of the decedent, and to ascertain the legal priorities of the debts against said estate, real and personal.

PAULL, HOFFMAN and MOORE, Judges, concur in the foregoing opinion.