# Charleston.

HYMAN, MOSES & CO. *v.* SMITH *et al.*

Decided May 1, 1877.

1877.
January Term.

1. Where a decree is final, a bill of review is proper, and where the decree is interlocutory, a bill in the nature of a bill of review and petition for a re-hearing is proper.

2. An interlocutory decree may be altered and reversed upon re-hearing, without the assistance of a bill in the nature of a bill of review, if there is sufficient matter to alter or reverse it appearing upon the former proceedings. The new investigation is often, and perhaps usually, brought on by a petition for a re-hearing where there is no defect to be supplied.

3. The office of a supplemental bill, in the nature of a bill of review, is to bring before the court new matter discovered since the time when it could have been used in the cause at the original hearing. Such supplemental bill, it seems, cannot be filed without the leave of the court, nor without an affidavit similar to that required in the like case of a bill of review.

4. A commissioner's report, if erroneous upon its face, may be objected to at the hearing of the cause, though no exception be previously filed; and also in the appellate court, though no exception appears to have been taken in the court below; but without such exception, it cannot be impeached by adult parties on grounds, and in relation to subjects, which may be affected by extraneous testimony.

Hyman, Moses & Co. instituted a chancery suit in the circuit court of Kanawha county against Allen M. Smith and others, the object of which was to subject the lands of said Smith to the payment of a judgment.

Bradley, Kyle & Co., the appellants here, on the 22d of June, 1869, joined with others in a petition, then filed in said cause, in claiming liens upon said lands by vir-

tue of their several respective judgments, in said petition named, and the petitioners were made parties plaintiffs to the cause. The cause was referred to a commissioner of the court, who, by his report, allowed said appellants less than they claimed. By decree of 11th November, 1869, the court confirmed the report of the commissioner, and directed that before said appellants should receive any money from the sale of the land, which was ordered to be made by said decree, they should surrender or re-assign to the defendant, Allen M. Smith, certain claims theretofore assigned by him, as collateral security, to them.

On the 15th July, 1872, the court below, by its decree, refused to allow said appellants to "file a supplemental bill in the nature of a bill of review" in said cause.

On the 25th July, 1872, Bradley, Kyle & Co. filed another petition in the cause, asking that said commissioner's report might be corrected, and that such orders might be had as might be necessary to correct the errors of which they complained. On the 24th of June, 1874, the court, by its decree, dismissed this last named petition.

Bradley, Kyle & Co. obtained an appeal from, and *supersedeas* to, said decrees.

Hon. Joseph Smith, Judge of the seventh judicial circuit, rendered the last named decree. The record does not disclose by what judge the other decrees were rendered.

Haymond, Judge, in his opinion, gives a full statement of the facts of the case.

*A. Burlew* and *Mollohan & Nash* for the appellants, referred the court to the following authorities:

*Shirley v. Long,* 6 Rand., 764; 2 Rob. Old Pr., 312; *Coleman v. Lyne's ex'r,* 4 Rand., 456; *Carneal v. Banks,* 10 Wheat, 181; Code W. Va., ch. 135, §1; *Wiser v.*

*Blackley*, 2 Johns. Ch. 490; *Whiting v. Bank of the United States*, 13 Pet., 13; 2 Rob. Old Pr., 414, 418; Adams' Eq., side page 416; Story's Eq. Pl., §404, 407; Adams' Eq., side pages 397, 771; *Bennett v. Winter et al.*, 2 Johns. Ch. 205; *Hodges v. Davis*, 4 H. & M., 400; Jube's Eq. Pl., 67; *Cocke's adm'r v. Gilpin.* 1 Rob. (Va.) 33; 2 Rob. Old Pr., 489; *Paup's adm'r v. Mingo, &c.*, 4 Leigh, 163; *Royal's adm'r v. Johnson*, 1 Rand., 421; 1 Ves. Jun., 93; *Radley et al. v. Shaver et al.*, 1 Johns. Ch., 201.

*T. B. Swann*, and *Smith & Knight* for appellees, relied upon the following authorities:

2 Mad. Ch., 539; 2 Freem. Ch., 182; *Hill v. Bowyer*, 18 Gratt., 365; Beam's Orders in Ch., 1; *Perry v. Philips*, 17 Ves., 173; 22 C. R., 491; 2 Mad. Ch., 538; 3 Johns. Ch., 127; 3 P. Wm's, 381; 2 Mad. Ch., 536; Hard., 342, 451; Cooper, 92; 3 Johns. Ch., 126; 16 Ves., 348; Cooper, 91; 1 B. & B., *Livingston v. Hubbs*, 141; I. C. R., 124; 3 Atk., 25; 3 I. C. R., 120; 3 Jac. & W., 243; 1 How., 175; Story's Eq. Pl., 460, §408, 409; 1 West, 682; 3 Atk., 33; 2 Atk., 533; 2 Johns. Ch., 488.

HAYMOND, JUDGE, delivered the opinion of the Court.

The firm of Hyman, Moses & Co., at rules in November 1866, filed their bill in the clerk's office of the circuit court of the county of Kanawha against Allen M. Smith and others. The object of the bill is to enforce the liens of two judgments against the lands of Allen M. Smith, one of which the plaintiffs, (Hyman, Moses & Co.) recovered against defendant, Allen M. Smith in the circuit court of Kanawha county, in 1866, for the sum of $629.22 with interest from the 27th day of December, 1857, and $7.15, costs, and the other was recovered at the same term of said court, against the said Allen M. Smith, of the firm of Rock & Smith.

On the 15th day of April, 1867, the cause came on to

be heard on the bill, and exhibits, taken for confessed as to all the defendants, and the court referred the cause to a commissioner to take state, and report as follows: 1. "The nature and amount of plaintiffs claims, and whether the defendant, Allen M. Smith, has sufficient personal property, subject to levy, to satisfy the same. 2. What real estate the said Allen M. Smith has in this State, and the liens against the same by trust deeds, judgments or otherwise, and priorities thereof. 3. Whether the rents, issues, and profits of said real estate will pay off and discharge said liens, and the costs of this suit within five years. 4. Such other and further matters as the said commissioner shall deem pertinent, and either of the parties may require," &c. On the 22d of June, 1869, the appellants (Bradley, Kyle & Co., J. E. Wynne & Co., and Flora A. Wyatt, executrix, &c.,) presented to the court their petition, in which it was alleged by Bradley, Kyle & Co., that at the March term, 1858, of the said circuit court of Kanawha county, they recovered a judgment against said Allen M. Smith, John N. Clarkson, Anderson A. Rock, and Wm. A. McMullin, for the sum of $980, to be discharged by the payment of $490.18, with interest thereon from the 6th day of January, 1858, and $4.66 costs. Also that at the July term, 1858, of same court, they recovered a judgment against said Smith and said Rock, for the sum of $745.00 to be discharged by the payment of $372.49 with interest thereon from the 23d day of April, 1858, until paid, and costs, $6.64. That also, at the same term of said court, they recovered a judgment against said Smith, Clarkson, McMullin and Rock, for the sum of $417, to be discharged by the payment of $208.67, with interest thereon from the 22d day of April, 1858, and $4.66 costs. Also, that in August, 1858, they recovered before the same court a judgment against the said Allen M. Smith, Joseph Smith and Hezekiah Turley, for the sum of $629.42, with interest thereon from the 10th day of November, 1856, until paid, and $8.70 costs; that upon the last

1877.
January Term.

Hyman, Moses
& Co.
v.
Smith et al.

named judgment, $462.38 was credited on the 4th day of October, 1859, leaving the remainder of said judgment, viz: $167.04, with interest from the last mentioned date still due and unpaid. The petitioners, at the close of the petition, pray to be made parties plaintiffs in the said suit of Hyman, Moses & Co., " that their interests in the premises may be heard, that the real estate in the bill of complaint mentioned be sold, and that their said judgments, according to their priorities and liens, may be satisfied out of the proceeds of any sale of lands or other property that may be decreed by the court in this cause." Official copies or abstracts of said judgments in said petition mentioned are filed therewith as exhibits. And the court, on said 22d day of June, 1869, made an order in the said cause of Hyman, Moses & Co., in relation to said petition in these words:

" The petition of Bradley Kyle & Co., J. E. Wynne & Co., and Flora A. Wyatt, executrix, being this day presented in open court, showing that they are judgment creditors of Allen M. Smith ; that their respective judgments set out in said petition are liens on the real estate of said Smith, and that the same are existing and unpaid, on motion of A. Burlew, and by consent of T. B. Swann, the attorney of said Allen M. Smith, it is ordered that said petition be filed, and the relief prayed for in the same be granted."

A. Burlew was, at that time, an attorney and commissioner of the court. It appears that A. Burlew, as commissioner of the court, executed the order of reference made in the cause, and his report made to the court was closed the 18th September, 1869.

At a term of the court held on the 11th day of November, 1869, the cause came on to be heard upon the bill exhibits filed therewith, the several petitions of Atwood & Co., administrator of Thomas West, Bradley, Kyle & Co., J. E. Wynne & Co., and all pleadings, orders and decrees theretofore filed, made and entered therein, and upon the report of Commissioner Bur-

lew, filed in the cause, and the exceptions taken to the said report thereon endorsed, and the court, in and by its decree then made, overruled the exceptions to the report, and approved and confirmed the same. The court also entered, as a part of its decree, its opinion that the order of priorities of the several judgments which are reported in the report of Commissioner Burlew as liens upon the real estate of the defendant, Allen M. Smith, is correctly stated in the said report. And the court decreed that unless the said defendant, Allen M. Smith, or some one for him, do, within six months after the rising of the court, pay to the several claimants the several sums of money ascertained by Commissioner Burlew to be due them, and which sums in the aggregate, on October 20, 1869, amounted to the sum of $13,500.99, with interest from the said 20th day of October, 1869, besides the costs of the suit, including and allowing to the plaintiff $30, as provided by law, that Edward B. Knight and Wm. H. Hogeman, who were appointed special commissioners for the purpose, should sell at public auction, &c., the several tracts of land reported in the report of Commissioner Burlew, to belong to the defendant, Allen M. Smith, or so much thereof as should be necessary to pay off and discharge the liens and costs aforesaid, &c. Twenty per cent of the purchase money is required to be paid in hand on the day of sale, and the residue on a credit specified, with interest, &c. The decree also authorizes the defendant, Allen M. Smith, to prove before Commissioner Burlew, at any time before the date of every sale made under the decree, any credits to which he may be entitled on the several judgments reported by Commissioner Burlew to be subsisting liens on the real estate decreed to be sold. The court, in and by said decree, and as part thereof, further ordered that before the complainants, Bradley, Kyle & Co., receive any portion of the funds arising from the sales therein ordered, that they surrender to the defendant, Allen M. Smith, any and all claims heretofore assigned as collat-

eral security to them by the defendant, Allen M. Smith, or reassign the same subject to the payments allowed said Allen M. Smith by the commissioner in his said report, consisting of three notes mentioned in a settlement made between the defendant, A. M. Smith, and Bradley, Kyle & Co., and also a judgment of the said Smith against Cabell's heirs; all of which are mentioned and set out in a copy of said settlement filed with the papers of this cause, and marked "A. C." The commissioner, in his report, among divers other judgment liens against the lands of said Allen M. Smith, reports as third in priority a judgment of Bradley, Kyle & Co. against Allen M. Smith and Anderson A. Rock, in the penalty of $745, to be discharged by the payment of $372.49, with interest from the 23d day of April, 1858, and costs $2.98, and new costs $3.66, which he ascertains to amount to $576.75 (after deducting a credit of $56.25), on the 20th day of October, 1869. The commissioner in his said report, also reports as fourth in priority as a lien, a judgment in favor of said Bradley, Kyle & Co. against Hezekiah Turley, Allen M. Smith and Joseph Smith in the sum of $629.42 with interest thereon from the 10th day of November, 1856, until paid, and the costs subject to a credit of $462.38 paid 4th October, 1859, which he ascertains to amount on the 20th day of October, 1869, to $432 after deducting said credit. These are the only two judgment liens appearing on the face of the report in favor of Bradley, Kyle & Co. But the commissioner at an another place in his report says: "On the above judgment of Bradley, Kyle & Co., the defendant, Allen M. Smith, claims a credit of $1,865, paid August 1, 1857. The date of the alleged payment is anterior, however, to the date of the judgment. Your commissioner does not allow the said credit, because he believes he has no right to go behind the judgment. The claims are said, by A. M. Smith, to have been paid prior to the date of the judgment; and had payments been made at such a time they should have been proven as offsets against Bradley,

Kyle & Co., on their judgment. No doubt, had they been payments, they would have been accredited as offsets. The plaintiffs, Bradley, Kyle & Co., affirm that the assignment of the notes referred to in depositions of A. M. Smith were made as collateral security (see exhibit) and that nothing has been collected on the same, except $300 herein accredited, which was paid, $200 October 23, 1858, and $100 February 24, 1859, of which two payments and interest, the aggregate now is, $496. Your commissioner is of opinion, that the credit which he allowed on the transcript marked " D" and constituting the fourth judgment above set out, is covered by the credit of $500, as per Ex. H, they being the same day and date, and therefore he corrects his error by allowing the amount of said judgment $781.19, being the amount with interest erroneously subtracted. This increases the amount of judgment above set out to $1,233.19, subject to the credit of $496, leaving amount due on said judgment, $737.19, Col. Swann, attorney for said Smith, requests your commissioner to state that said Smith holds that the notes mentioned in his deposition (Ex. Y.) as having been transferred to Bradley, Kyle & Co., and still in their possession, if unpaid, and by their holding the same, the defendant, Smith is deprived of the opportunity of collecting them; that in case the said notes have not been collected, he will ask to be allowed time to collect the same before his lands are decreed to be sold to satisfy claims which these several notes will cover. Your commissioner makes the statement as coming from Colonel Swann, and at his request."

Bradley, Kyle & Co., did not file exceptions to said report, or any part of it. The exceptions filed to the report are filed by T. B. Swann, as counsel for Smith et al; and the said exception to said report is in allowing Bradley, Kyle & Co., the two items allowed in the report, which I have before referred to, upon the ground that the evidence shows they are paid. On the 15th day of July, 1872, the court made and en-

tered an order or decree in the cause in these words: "This day Bradley, Kyle & Co., by counsel, asked leave of the court to file a supplemental bill in the nature of a bill of review, which motion being argued and considered, is overruled, and the court refuses to allow said supplemental bill to be filed." Afterwards, on the 25th of July, 1872, the court made another order in the cause, in these words: "Bradley, Kyle & Co., having tendered their petition in this cause on a former day of this term, on motion by their counsel, it is ordered that said petition be, and the same is hereby filed; and the process of this court is ordered to issue against the defendants to said petition." And on the 24th day of January, 1874, this order was entered in the cause: "This cause came on this day to be heard upon the petition of Bradley, Kyle & Co., heretofore filed therein, to which petition Allen M. Smith, by his counsel, appeared, waving process thereon, and was argued by counsel, upon consideration whereof the court is of opinion that said petition ought not to have been filed, because the order of 11th of November, 1869, was a final decree. The court doth therefore adjudge, order and decree, that said petition be dismissed." It is disclosed by the record by an order made in the cause on the 26th day of June, that the commissioner did not file his said report in the cause until the 29th day of September, 1869. The bill refered to in the decree of the court made the 15th day of July, 1872, as a supplemental bill in the nature of a bill of review, after stating the proceedings in the cause, &c., up to and including the said decree of the 11th of November, 1869, confirming the report of the commissioner says, and states: "Your orators say that the clause of the decree last aforesaid" (referring to the last clause of the decree herein before recited) "is inconsistent and incongruous with part of the decree which confirms the report of the commissioner without exception or qualification, and is therefore an error on the face of the record. This bill then further alleges that on the 3d day of De-

1877.
January Term.

Hyman, Moses
& Co.
v.
Smith *et al.*

cember, 1855, the said Allen M. Smith executed to your orators (Bradley, Kyle & Co.), in consideration of merchandise, his note for $899.31, and on the 10th day of May, be executed to them, for like consideration his note for $774.67; that to secure these two notes, and the costs of protests of two notes hereafter referred to, on the 28th day of July, 1857, he assigned to your orators as *collateral security* three notes, on which the three original judgments were obtained by the orators against said Smith, and others, as reported by said commissioner, and the judgment against said Cabell's heirs, referred to in said decree of the 11th of November, 1869, as is seen by Exhibit No. 1; that the two original notes referred to were never sued on or collected, in whole or in part, but the collaterals aforesaid were put in judgments, and therefore it was an error to decree that before any payments should be enforced on the said judgments, to the orators, they should surrender to the said Allen M. Smith any and all claims theretofore assigned as collateral security to them by said Smith, consisting of three notes mentioned in a settlement made between the defendant, Allen M. Smith, and the orators, and also the said judgment against said Cabell's heirs, &c., because the three original judgments the orators were enforcing payment of were judgments on the same notes that the court decreed should be returned to the said Smith before the said judgments should be paid. In this bill it is further alleged that the orators have been further injured by said report and decree in this: That the judgment against Cabell's heirs, before referred to, was a part of the collateral security for the said two original notes, as appears by said Exhibit No. 1, and that as no part of the collaterals had been paid, and as no charge was made by the commissioner against said Smith for the portion of the original debt for which the Cabell judgment was taken as a collateral security, by decreeing that before the orators shall receive any money on their said judgments from the sale of lands under said decree of court, they shall reassign to said Smith

1877.
January Term.

Hyman, Moses
& Co.
v.
Smith et al.

the said Cabell judgment, was simply releasing said Smith from his liabilities to the orators, for which he had long before received his consideration of over $1,000. The bill further alleges that the said Cabell judgment was assigned to the orators as collateral security on the 28th day of July, 1857, which is the date of said Exhibit No. 1 ; that, at the time of said assignments, no payment had been made on said judgment. That subsequently, on the 23d day of October, 1858, the orators received a payment on said judgment of $200, and on the 24th day of February, 1859, a further payment of $100. That the heirs of the estate of said Cabell have been given credit for these two payments by the orators, as will be seen by the credits on said judgment, and consequently said Smith has received a credit therefor. That the commissioner charged said payments against the orators as payments on their said three original judgments, thus giving said Smith credit twice for said payment, and that for the payment of said $300, they (the orators) have in fact been charged $600, besides the interest thereon. In other words, said Smith has been given credit on one part of the collateral, namely : the three judgments for $300, and interest thereon, amounting to $496, on the 20th of October, 1869, as shown by said report for the payments made by the heirs of said Cabell on the Cabell judgments, another part of said collateral for which the said heirs had already been given credit by the orators, and that by this error they have been wronged of their just claims in a sum exceeding $500. That the three notes assigned as collateral security, as aforesaid, also the said judgment against the estate of Cabell were put in the hands of Lafayette A. Lovell, as the orators' attorney, who alone represented, and had the right to represent, them in these said causes ; that the said judgments on the said notes were obtained by him, and that all the payments that have been made on said judgments or on the said original two notes for which they were taken to secure, are the aforesaid two payments on the said Ca-

bell judgment, amounting to $300. That the balance due the orators on the 1st day of April, 1870, on the judgments, including the Cabell judgment, after deducting the said payments, amounts to the sum of $2,801.03.

They file with this bill, as it is called, a statement of the original judgments for the debts, and the payments made upon each as they should be, as they claim, and showing also the balance due on each respectively, as they allege, on the date last stated. That the amount due on said three judgments, leaving out said Cabell judgments, is $1,729.18. The orators also aver that they are injured by the report of the commissioner, and the decree of court, because they say the three original judgments were obtained at the times and places as follows : The judgment against Rock and Smith, for $452.86, was obtained in the county court of Kanawha county, at the November term, 1857 and the remaining two at the February term of same court, 1858. That neither of these judgments are reported by the commissioner, but he reports instead two judgments on forthcoming bonds obtained at a subsequent term, which places the orators' judgments in the list of priority of payment third and fourth, when in fact the first of their judgments was obtained previous to any judgments reported by the commissioner. That had the commissioner reported the said original, the first of said judgments would have been the first in the list of priority, of payment, and the remaining two would have stood with the same list as that reported as first, for they were obtained at the same term of court. That up to this point, they have been treating solely of collaterals taken to secure them the payment of merchandise sold to the firm of Rock & Smith, which were alone in the hands of L. A. Lovell, deceased. They further aver that there were two firms in Kanawha owing them, viz: the firm of Rock & Smith and the firm of Turley, Smith & Co., and that their claims against this last firm were not in the hands of said Lovell for collection, but other and distinct parties. That on

the 10th day of May, 1856, they sold the said firm of Turley, Smith & Co., merchandise to the amount of $629.42; that this claim was not embraced in the claims against Rock & Smith, for which the collaterals were taken to secure, as will be seen by reference to said, Exhibit No. 1, but was, and is a separate and distinct matter from all these matters growing out of their dealings with Rock & Smith; that this claim was afterwards put in the hands of Miller and Newman, attorneys at at Charleston for collection, and at the August term, 1858, they recovered a judgment in favor of the orators against said last named firm for $629.42 with interest and costs; that on the 24th day of November, 1859, said Miller & Newman remitted to the orators on said judgment $337.64, and on the 13th of March, 1860, they made a further remittance of $269.84; that these are the only payments which have been made to the orators upon this judgment, and it is quite evident from the certificate made on the transcript of said judgment by S. A. Miller, one of the firm of Miller & Newman since the war, and from his letters to the orators, dated on the 8th day of May, 1869, that they had remitted full as much as they had collected, a copy of which letter is filed as an Exhibit, marked "B. B." That said commissioner has, in making up his report, given Smith credits on said judgments against Rock & Smith, on receipts purporting to have been given by Miller & Newman, and by G. Newman, when in fact neither Miller & Newman nor G. Newman had any right to receive money in any claim of the orators, other than the one in their hands against Turley, Smith & Co., and the party paying them had no right to receive a credit therefor on the claims against Rock & Smith. They also aver that when said decree was rendered in November, 1869, they were non-residents of this state, and resided in the city of Baltimore, Maryland; that their claims against Rock & Smith, were in the hands of L. A. Lovell, deceased; that a very short time before the making of said report,

and the rendition of said decree, said Lovell died, leaving their business with the commissioner, who was wholly unacquainted with the same, and with no one to instruct or advise. That they knew nothing of his theory of settlement of their said claims until after said report had been filed, and said decree thereon rendered. That since the rendition of said decree in November, 1869, they have placed in the hands of their attorney in Charleston, who now has their said matters in charge, and has had since the death of said Lovell important letters and papers, some of which are made exhibits to this bill, which are newly discovered to the orators attorneys since the rendition of said decree, and which newly discovered evidence the orators believe will enable them to correct the aforesaid errors. That they are advised and believe that it was error in the court after confirming the said report without qualification, and after directing the commissioner to sell the several tracts of of land "and pay off and discharge the liens and costs" to decree that before the orators receive any portion of the funds arising from the sales, that they surrender to A. M. Smith any and all claims heretofore assigned as collateral security to them by the defendant, Allen M. Smith, &c. The orators further say they are aggrieved by the said report, and the rendition of said decree in pursuance thereof, in November, 1869, and they have therefore brought their supplemental bill in the nature of a bill of review, &c.; in consideration whereof, and for that there are divers other errors and imperfections in said decree and proceedings, by reason whereof the same ought to be heard upon the new matters of this supplemental bill, and reheard upon the matters of the original bill and petition. The orators, therefore, pray that the cause may be heard with respect to the new matter, made the subject of this supplemental bill, and at the same time be reheard upon the original bill and petition, &c., and the bill then prays that the defendants in the cause may be required to answer each and all the

charges therein contained, and if necessary, the cause be referred to a commissioner to report upon the orators said claims, &c. The petition of Bradley, Kyle & Co., which was rejected by the court on the 24th day of January, 1874, to which reference has already been made, is substantially the same as to its allegations and averments in all material respects with the said supplemental bill of Bradley, Kyle & Co., and it is, therefore, unnecessary to state its contents, as to do so would be to repeat substantially what has been stated as the contents of the said supplemental bill. From and to the said decree of the 11th day of November, 1869, confirming said report, &c., and the decree or order of the 15th day of July, 1872, refusing to allow Bradley, Kyle & Co., to file their said supplemental bill in the nature of a bill of review, and the decree of the 24th day of January, 1874, dismissing said petition, Bradley, Kyle & Co., obtained an appeal with *supersedeas* from one of the judges of this court in vacation, and it is now for us to determine whether there is such error in the said decrees as the case now stands, as authorizes this court to reverse said decrees or any of them. The supplemental bill in the nature of a bill of review of Bradley, Kyle & Co. (the appellants here), is not a bill of review. It is a *supplemental bill in the nature of a bill of review and petition for a rehearing.* The decree of which it complains was interlocutory, and not a final decree, according to the definition of a final decree, as understood in this country. A bill of review is in the nature of a writ of error, and its object is to procure an examination and alteration or reversal of a decree made upon a former bill, which decree has been signed and enrolled, and it lies only after a final decree. If the decree has not been signed and enrolled, then a bill in the nature of a bill of review is the appropriate remedy. Strictly speaking, a bill of review is a proceeding to correct a final decree, in the same court, for error apparent on the face of decree, or on account of new evidence discovered

since the final decree. Story's Eq. Pl., §403, 40?, 408. *Nichols v. Nichols' heirs*, 8 West Va. R., 174, opinion of Brockenbrough, J., in *Laidley v. Merrifield*, 7 Leigh, 355. A bill of review based on the discovery of new matter can only be filed by leave of the court, which leave will not be granted without an affidavit, that the new matter could not be produced or used by the party claiming the benefit of it in the original cause. The affidavit must also state the nature of the new matter, that the court may exercise its judgment upon its relevancy and materiality. The new matter must generally, though perhaps, not universally, be to prove what was before in issue. The new matter must also have come to the knowledge of the party after the time when it could have been used in the cause at the original hearing, or after publication passed. The matter must not only be new, but it must be such as the party, by the use of reasonable diligence, could not have known; for if there be any laches or negligence in this respect, that destroys the title to relief. Story's Eq. Plea., §412, 413, 414, 416. It seems the only difference between a bill of review and a bill in the nature of a bill of review consists in the interlocutory or final character of the decree. Where the decree is final, a bill of review is proper, and where the decree is interlocutory, a bill in the nature of a bill of review and petition for a rehearing is proper. An interlocutory decree, it seems, may be altered or reversed upon rehearing, without the assistance of a supplemental bill in the nature of a bill of review, if there is sufficient matter to alter or reverse it appearing upon the former proceedings, the new investigation is often, and perhaps usually brought on by a petition for a rehearing when there is no defect to be supplied. Same author, §421 and notes. *Laidly v. Merrifield*, 7 Leigh. The office of a supplemental bill in the nature of a bill of review is to bring before the court new matter discovered since publication in the original cause, or since the time when it could have been used in the cause at the original hearing. Such supplemental

1877.
January Term.

Hyman, Moses
& Co.
v.
Smith *et al.*

1877.
January Term.

Hyman, Moses
& Co.
v.
Smith *et al.*

bill, it seems, cannot be filed without the leave of the court, nor without an affidavit similar to that required in the like case of a bill of review.  Same author, §422. As a general rule, a supplemental bill for new discovered matter should be filed as soon after the new matter is discovered as it reasonably may be.  Same, §423. In the case of *Laidley v. Merrifield*, 7 Leigh, 354, Judge Cabell says: "Such petition or supplemental bill is regarded as a part of the very cause, the decree in which is sought to be corrected, and any order or decree of the court on the petition or bill is only *interlocutory*, and cannot be appealed from in England, however unjust it may be, until the decree which is sought to be corrected by the petition or bill shall itself become final.  But when that decree becomes final, the appeal taken from it brings up every part of the cause, and will lead to the correction of every error, in whatever stage of the cause it may have been committed.  And such was the law in *Virginia*, until the statute was passed allowing appeals from interlocutory decrees.  That statute, however, has produced a material change in the course of our courts on this subject."

The granting of a bill of review for new discovered evidence is not a matter of right, but rests in the sound discretion of the court.  It may therefore be refused, although the facts, if admitted, would change the decree, when the court looking to all the circumstances, shall deem it productive of mischief to innocent parties, or for any other cause unadvisable.  Story, §417. The same rule in this respect which applies to bills of review of this sort, should for the same reasons apply generally to a supplemental bill in the nature of a bill of review for the discovery of new evidence.

It is proper here to remark, that Bradley, Kyle & Co. describe in their petition, their judgments therein mentioned and set up as having been rendered in the circuit court of Kanawha county, and they filed with their petition as Exhibits A, B, C and D, what they call tran-

scripts of the judgments and make them a part of the

petition. These so-called transcripts, show that the judgments were rendered in the county court, and all of them except the judgment against Turley and others are judgments on forthcoming bonds, and in fact the three which are judgments on forthcoming bonds are described in the petition itself in effect as such. Bradley, Kyle & Co. do not in their petition claim liens on the lands of Smith, by virtue of, or under any judgments other than those filed with their petition, as exhibits and copies of the orginal judgments do not appear to have been before the commissioner, except the judgment against Turley and others above named. Notwithstanding this fact, Bradley, Kyle & Co., in their supplemental bill in the nature of a bill of review complain that the commissioner in his report failed to give them the priority to which their original judgments entitled them to have.

Again it is proper to remark, that the petition of Bradley, Kyle & Co. setting up said judgments seems to have been prepared by D. Dubois, their attorney, and was allowed by the court to be filed June 22, 1869, on the motion of A. Burlew, who it seems was the commissioner who made the report. It further appears that the commissioner commenced taking the account on February 6, 1869, and completed his report on the 18th day of September, 1869, and filed it on the 29th day of September, 1869. Bradley, Kyle & Co. could have presented their alleged judgments to the commissioner before their petition was filed under the orders of reference, and it is clear from the record that the judgments in their petition mentioned were before the commissioner and passed upon by him in connection with such evidence as was before him. Upon the evidence before him the commissioner made his report, to which no objections or exceptions were made or filed by the appellants before the report was passed upon and confirmed by the court.

As before stated, the decree of the court confirming said report directing sale, &c., was made on the 11th day

of November, 1869, and so far as the record discloses, Bradley, Kyle & Co. took no steps whatever to obtain a correction of said decree or report until the 15th day of July, 1872, over two years and a half from the date of the decree. The said supplemental bill, in the nature of a bill of review, was first presented to the court at the last named date, and the petition for a rehearing was presented to the court on the 25th day of July, 1872. Bradley, Kyle & Co. do not allege that they have discovered any new evidence, which is material, that they did not know of or could not have produced before the commissioner or before the court prior to the decree of the 11th day of November, 1869. They do allege that they have placed in the hands of their attorneys, at Charleston, who now has their said matter in charge, and has had since the death of their attorney, Lovell, important papers and letters, some of which are made exhibits to the bill, which are newly discovered to the orators' "attorneys since the rendition of said decree, and which newly discovered evidence the orators believe will enable them to correct the aforesaid errors." If the material evidence was known to Bradley, Kyle & Co., or they might have known it by the exercise of reasonable diligence, and they failed to produce it at the proper time, the fact that the evidence not produced was newly discovered to the then attorneys of Bradley, Kyle & Co., is no excuse and cannot prevail. Upon the whole it seems to me that the allegations and averments in the supplemental bill in the nature of a bill of review, are insufficient to entitle Bradley, Kyle & Co. to a rehearing upon the ground of the discovery of new material evidence since the date of the decree complained of. And the same remarks as to the discovery of new evidence applies to the petition of Bradley, Kyle & Co. for a rehearing. But while this is so, I think the supplemental bill in the nature of a bill of review, and said petition were each sufficient to authorize the court to have corrected errors appearing on the face of the com-

1877.
January Term.

Hyman, Moses
& Co.
v.
Smith et al.

missioner's report and errors in the decree itself, if such there be. While the court may have properly held that the allegations and averments in the said bill were not sufficient as to the discovery of new evidence, still I think the court might properly have treated it as a petition for a re-hearing upon the former proceedings, especially as it does expressly pray among other things for a re-hearing for errors in the former proceedings. No question has been made before us of the appellants rights to appeal from the said decree of the 11th of November, 1869, and I think if such question had been made, it would have been without success. It then remains to be considered whether there is such error in the decree of the 11th of November, 1869, to authorize this court to reverse the same in whole or part. In the case of *Cookus et al. v. Peyton's ex'or et al.*; 1 Gratt., 431, it was held that "an error appearing on the face of a report, will be corrected, though no exception to it in the court below." In the case of *White's ex'ors v. Johnson et al.*, 2 Munf., 285, it was held that a commissioner's report, if erroneous upon its face, may be objected to at the hearing of the cause, though no exception be previously filed; and also in the appellate court, though no exception appears to have been taken in the court below; but without such exception it can not be impeached on grounds, and in relation to subjects, which may be affected by extraneous testimony. In *French v. Turner et al.*, 10 Gratt., 513, it was held that "the questions as to the construction of the instruments and the liabilities of F. and T. for the horse, being presented by the pleadings and proofs, no exception to the commissioner's report was necessary to raise them for adjudication." In the case of *Penn v. Spencer*, 17 Gratt., 85, it was held that "though a cross bill sets up a special charge against a party, if upon taking the account by a commissioner, this item is not charged, and the plaintiff in the cross bill does not except to the report for the failure to make the charge, it will be considered as abandoned by the plaintiff." *Reitz &*

Co. v. Bennett et al., 6 W. Va., 417. Humphrey v. Foster, et ux., 13 Gratt., 653. While there may be injustice done to the appellants by the report of the commissioner to some extent, still as there were no exceptions filed to the report, and the appellants were and are adults, I see no such error under the circumstances of the case upon the face of said report as to authorize this court to correct it, in so far as it speaks of the appellants judgment liens, their priorities or the amount due thereon.

But while this is so, I am clearly of opinion that the last clause of said decree of November 11, 1869, made in this cause, which is hereinbefore quoted, is erroneous, and is not supported by said report, or the evidence in the cause, and is in part inconsistent with the facts and operates wrong and injustice to the appellants. It is also inconsistent with the copy of the settlement marked, A C, filed with the papers of the cause and referred to in said clause of said decree. By said copy, A C, so far as it proves anything, it is clearly inferrable that about the 17th day of August, 1857, the firm of Rock & Smith was indebted to Bradley, Kyle & Co., including principal and interest in the sum of $1,783.66 or thereabouts, and that on that day, said Smith or Rock and Smith, delivered and perhaps endorsed or assigned to the said Bradley, Kyle & Co., two notes on Clarkson, one for $450, payable August 21, 1857, and the other for $181.18, payable September 22, 1857, and also one note on F. Brooks for $334.12, payable October 23, 1857; also about or perhaps shortly before the said 17th day of August, the said Smith had assigned to said Bradley, Kyle & Co., a claim or judgment against one Cabell's estate or heirs, all of which on the day aforsaid, amounted in the aggregate, according to said copy, A C, to the sum of $1,861.09, all of which notes and claim, or judgment against said Cabell's estate or heirs, were passed to the said Bradley, Kyle & Co., as collateral security for their said debt, due them from Rock & Smith, and although the matter is left by the record somewhat in the

dark and without satisfactory explanation, I infer from what does appear, that the original judgments which are the foundations of the executions upon which the several forthcoming bonds were taken, and on which the three several judgments in favor of Bradley, Kyle & Co., were rendered (transcripts of which are filed with the first petition of Bradley, Kyle & Co., as Exhibits A, B and C respectively) were based upon said three several notes of Clarkson and Brooks, aforesaid; and that said three judgments are for those several debts. The judgments so far as I can see, are not for the original debt of Bradley, Kyle & Co., but are based upon what are called the collaterals themselves. It does not appear that any part of the said original debt of Bradley, Kyle & Co., for which said collaterals were taken, has ever been paid, except what may have been paid on the said Cabell claim, and $20 in cash paid by said Smith. It no where appears that Bradley, Kyle & Co., ever obtained judgment against Rock & Smith, or other members of the firm upon their said original debt. The said decrees of the 15th of July, 1872, and the 24th day of January, 1874, are interlocutory. The fact that they were made by the court, only strengthens perhaps the appellant's appeal from the said decree of the 11th of November, 1869, under the view I have taken of the case. The appeal and *supersedeas*, therefore, as to said decrees of the 15th of July, 1872, and 24th day of January, 1874, must be dismissed, but without costs.

I am unable to see any other error in said decree of the 11th day of November, 1869, prejudicial to the appellant, and of which he can now complain. For the foregoing reasons there is error in so much of the decree rendered in this cause on the 11th day of November, 1869, as in these words to-wit: "And it is further ordered that before the complainants, Bradley, Kyle & Co., receive any portion of the funds arising from the sales herein ordered, that they surrender to the defendant Allen M. Smith, any and all claims heretofore as-

signed as collateral security to them by the defendant, Allen M. Smith, or re-assign the same, subject to the payments allowed said Allen M. Smith by the commissioner in his said report, consisting of three notes mentioned in a settlement made between the defendant, A. M. Smith, and Bradley, Kyle & Co., and also a judgment of the said Smith against Cabell's heirs; all of which are mentioned and set out in a copy of such settlement filed with the papers of this cause, and marked A. C. But the Court sees no error in the residue of said decree." The said part of said decree so erroneous as aforesaid, must therefore be reversed and annulled, and the residue of said last named decree is affirmed. And the appeal and *supersedeas* as to the said decrees of the 15th day of July, 1872, and the 24th day of January, 1874, must be dismissed, but without costs.

The appellants must receive their costs in this Court, expended in prosecuting this appeal against the appellee, Allen M. Smith. And the cause must be remanded to the circuit court of Kanawha county, for such further proceedings therein to be had as are in accordance with the rules and principles governing courts of equity.

DECREE OF 11TH NOVEMBER, 1869, REVERSED IN PART, and cause remanded.