# WHEELING.

EVANS *v.* SHROYER, ADM'R, *et al.*

Submitted June 18, 1883—Decided November 17, 1883.

1. An administrator ought not to be charged with debts due to an estate, until he has actually collected such debts, or until they are lost by his negligence or improper conduct. (p. 583.)

2. Where an exception is not taken in the court below to a commissioner's report, and the matter objected to might be affected by extrinsic evidence, the Appellate Court will not consider such objection. (p. 583.)

3. Where a commissioner's report charges an administrator "To note of A., dated ——, $——, interest thereon $——," and the decree declares that the balance found by the commissioner "is in the administrator's hands," and the report is not excepted to in the court below, and the objection is made in the Appellate Court, that the said charge in the commissioner's report was illegal, as it is a matter that might be affected by extrinsic evidence, the Appellate Court will not consider such objection. (p. 584.)

The facts of the case are stated in the opinion of the Court.

*M. H. Dent* and *J. W. Mason* for appellant.

*Martin & Woods* for appellee.

JOHNSON, PRESIDENT:

In July, 1879, John S. Evans filed his bill in the circuit court of Taylor county for the purpose of compelling Andrew Shroyer, administrator of Jacob Shroyer, deceased, to make a settlement of his administration accounts, and to have said personal estate distributed. The said administrator and the distributees of the intestate were made defendants to the bill. The bill alleges, the appointment and qualification of the administrator, exhibits the appraisement bill and alleges, that the whole estate therein set forth went into the hands of said administrator; that the intestate was almost entirely free from debt; that "nearly the whole amount of said estate still remains in his hands undisbursed;" "that said administrator has wholly failed to make and return to the clerk's office of said court any inventory of the estate, which came into his hands to be administered, nor has he made any settlements of his accounts, as such administrator." Among other things the plaintiff prays, "that the accounts of said administrator may be settled, and that the moneys remaining in his hands may be distributed between plaintiff and defendant according to their several rights therein," and for general relief.

On the 30th day of September, 1879, the bill was taken for confessed as to the said administrator, and the cause was referred to a commissioner for the settlement of the accounts

of the administrator, &c. The settlement was made, and the administrator appeared before the commissioner, exhibited his payment of debts, &c., and had his own and other testimony taken before the commissioner. The report showed, that he was at that time indebted to the estate in the sum of one thousand one hundred and fourteen dollars and eighty-three cents. The report was not excepted to; and a decree was rendered in the cause on February 23, 1880, which recited : "And there being no exceptions to said report, it is adjudged, ordered and decreed, that the same be confirmed. And it appearing to the court from said report, that there is remaining in the hands of Andrew Shroyer, administrator of Jacob Shroyer, deceased, the sum of one thousand one hundred and fourteen dollars and eighty-three cents, with interest thereon from February 10, 1880," &c. The decree proceeds to ascertain what each one is entitled to receive from this sum, and enters a personal decree against the administrator therefor. From this decree, the administrator appealed.

The only error assigned is, that the evidence does not justify this decree. It is insisted, that the motion made in the court below, to reverse this decree, ought to have been sustained and not overruled, as was done by the court; that the commissioner's report on its face shows, that the administrator was charged with the *notes* due the *intestate* and interest thereon, and it does not appear that he ever collected said notes. It is true that an administrator ought not to be charged with the debts due to the estate of the intestate at the time when they become due, but only at the time when he actually received them; except such debts as are lost by his negligence, or improper conduct. *Reitz* v. *Bennett*, 6 W. Va. 417. But there is another rule quite as binding, which is, that a commissioner's report, if erroneous upon its face, may be objected to at the hearing of the cause, though no exception be previously filed, and also in the appellate court, though no exception appear to have been taken in the court below, but without such exception it cannot be impeached on grounds and in relation to subjects, which may be affected by extraneous testimony. *White* v. *Johnson,* 2 Munf. 285; *Reitz* v. *Bennett*, 6 W. Va. 417. Where an exception is not

taken in the court below to a commissioner's report, and the matter objected to might be affected by extraneous evidence, the appellate court will not consider such objection. *Peters* v. *Neville*, 26 Gratt. 549; *Cole* v. *Cole*, 28 Gratt. 365; *Simmons* v. *Simmons*, 33 Gratt. 451; *Savings Bank* v. *Campbell*, 75 Va. 534; *Hyman, Moses & Co.* v. *Smith*, 10 W. Va. 298; *Wyatt* v. *Thompson*, 10 W. Va. 645; *Ogle* v. *Adams*, 12 W. Va. 213; *Ruffner* v. *Casner, supra*; *McCurty* v. *Chalfant*, 14 W. Va. 531; *Chapman* v. *R. R. Co.*, 18 W. Va. 184.

Does the error, which appellant claims appears upon the face of the report, relate to a matter, which might be affected by extrinsic evidence? This is a very different case from *Reitz* v. *Bennett*, 6 W. Va. 417. There it was clearly shown by the decree, which was entered, that the administrator had been charged with *notes, &c.*, which he *had not in fact* collected, and which had not been lost through his negligence. Here on the contrary the decree states, that it appears to the court from said report, "that there is remaining in the hands of the administrator one thousand one hundred and fourteen dollars and eighty-three cents with interest thereon from the 10th day of February, 1880." When we look at the report it is true, that he is charged in a number of instances "to note, &c., and interest, &c.;" but might not extrinsic evidence explain this and show it meant "to *amount* of note," &c.? May it not be, that there was proof before the commissioner or an admission by the appellant, that he had collected these several amounts? Or there may have been general proof, that they had been collected; and the best the commissioner could do under the circumstances upon such proof, it not being shown just when the collection was made, was to charge it in the way he did. If this is not true, the appellant is guilty of inexcusable *laches* in omitting to either answer the bill or except to the commissioner's report. We think the charges complained of here might have been affected by extrinsic evidence, and therefore not having been excepted to in the court below appellant cannot take advantage of such error here if it exists. It will not do to indulge suitors to such an extent, as to allow them to take advantage here of such a charge in a commissioner's report, which is susceptible of explanations, when they have used no diligence what-

ever in the court below.    Particularly is this true as to fiduciaries, who should always be ready to render a strict account of their dealings with the estates committed to their care.

We see no error in the decree of the court below, and it is affirmed.

THE OTHER JUDGES CONCURRED.

DECREE AFFIRMED.