## PERCY *a.* SEWARD.

*Supreme Court, Third District; Special Term, May,* 1858.

CONSOLIDATION OF ACTIONS.—CHANGE OF PLACE OF TRIAL.

The plaintiff brought at one time, and against the same defendants, a separate action in each of the counties of the State, for one and the same libel, which was published in the county in which all of the parties resided.

*Held,* that the defendants' motion to consolidate the actions into one must be granted.

The motion to consolidate was properly made in the county in which all the parties resided.

The time to plead in the consolidated action in such a case, should be the time which remained in the action in the county to which the other actions were drawn by the consolidation.

Motion to consolidate several actions.

The defendants were sued as editors and proprietors of the Albany Evening Journal, a newspaper printed and published in the city and county of Albany. The plaintiff brought against them, in the Supreme Court, sixty-two separate actions, one in each of the sixty-two counties of the State, for the publication of an alleged libel in the paper of the defendants. The damages in each action were laid at twenty thousand dollars. The parties all resided in the county of Albany. The action in that county was commenced first; the others were commenced together, a few days afterwards.

The defendants appeared in the actions, and served upon the plaintiff a demand "that the place of trial in each and every of said actions be changed (and you are hereby required to change the place of trial of each and every of said actions) from the place and counties stated in the complaints in said actions, and herein above mentioned, to the proper county, to wit: the county in which the plaintiff and defendants both reside and resided

Percy *a.* Seward.

at the time of the commencement thereof—the county of Albany."

The defendants now moved in the county of Albany for " a rule or order to consolidate into one action each and all and every of the within entitled actions."

The notice of, motion was entitled in all the actions, and the motion was founded on the following papers :—1. The summonses and complaints in all the actions. 2. An affidavit stating that all the parties, plaintiff and defendant, then, and at the time of the commencement of the action, resided in Albany county. This affidavit further stated " that each and every of said actions, except the action with the place of trial named in the county of Albany, was commenced at the same time ; that the questions to be tried in each, every, and all of said actions are identical, and that the cause or causes of action in each complaint are not only the same subject-matter, but that the same language and words are used and set out in each of said complaints, and differ in no respect except in the language in the complaint, in which the place of trial is laid in Albany county." This affidavit further stated that deponent, one of defendants, was one of the editors and proprietors of the Journal, and conversant with the facts connected with the alleged libel, acquainted with the defence to all the actions, and that the defendants intended to defend them ; and the affidavit contained also the usual oath to merits. 3. The demand to change the place of trial.

*Samuel G. Courtney*, for the motion.

*Plaintiff in person*, opposed.

GOULD, J.—It is perfectly plain, from the affidavits and the complaints, that the cause of action in all the cases is the one identical printed article, printed in one day's paper ; and the defence (if any, and whatever it may be) must be identically the same in all. All the parties reside in Albany county ; and the plaintiff, if desirous to increase his damages by reason of the circulation of the paper in all the counties of the State, might attain that end by averring in a single complaint such circulation. But the whole circumstances show that suing in every county in the State is merely vexatious and vindictive ; reaching counties where probably no one either knows any thing or

cares any thing for either party, and as to which the plaintiff, whatever he may presume, does not know that the libel has been circulated. Justice requires that all the suits should be consolidated into one.*

But the plaintiff claims that as to those where the place of trial is laid out of the third district, except those in Schenectady and Saratoga counties, which adjoin Albany county, this court has not jurisdiction of the motions.

If this ground be sound, then if the plaintiff resided in Dutchess county, and the defendants in Washington county, and the plaintiff had brought one suit in each of those counties, there

---

* CRANE a. KŒHLER (New York Common Pleas, Special Term, April, 1858). In this and another action between the same parties, the defendant, on an affidavit that the defence to be interposed in each action was substantially the same, moved for an order consolidating the actions.

HILTON, J.—A motion to consolidate is addressed to the discretion of the court, and ought not to be granted unless it appears from the moving papers that the questions to be tried are substantially the same in both suits. (Dunn v. Mason, 7 *Hill*, 155 ; Wilkinson v. Johnson, 4 *Ib.*, 46.)

The affidavit of the defendant's attorney merely states that the defence in each suit "is substantially the same, as defendant has informed him, and as he believes."

This is not enough. The *nature* of the defence should be disclosed, that the court may determine whether the questions to be litigated are such as can properly be disposed of at one trial.

Motion denied, with costs.

MORRIS a. KNOX (New York Common Pleas, Special Term, 1858). In this and three other causes between the same parties, the defendant, on affidavits stating the defences, moved for an order consolidating the actions.

BRADY, J. (after reviewing the peculiar facts of the defences, and showing that they were not identical.)—It was said on the argument, by the defendant's counsel, that the Code, by sections 150, 166, and 244, materially affected the disposition of motions of this kind. I have examined the sections referred to, and have arrived at the conclusion that the rules which prevailed before the Code must still be applied. It is true that heretofore, when the consolidation of causes would delay the collection of a part of the sum demanded, it would be refused as prejudicial to the plaintiff (Pierce v. Lyons, 3 *Hill*, 450) ; and that by section 244 the court may on motion direct the defendant to satisfy that part of the claim which he expressly, or by not denying, admits to be just, thus obviating the necessity for the rule in Pierce v. Lyons ; but that remedy can be as well applied when the causes are united as if the union had not been ordered. The inquiry must still be, Are the questions to be tried substantially the same—the defences identical (4 *Hill*, 46) ; and in the exercise of a sound discretion, can the causes of action be consolidated ? I am satisfied that these cases should proceed separately, for the reasons assigned.

Motion denied, with $10 costs in one action only, to abide event.

could not be found any court having jurisdiction of a motion to consolidate the two; since, those counties being in different districts, they do not both adjoin any one county in the third district. There are, however, other answers to this claim. The motion to consolidate two suits undoubtedly may be made anywhere in the district containing the county in which the venue of either of the suits to be consolidated is laid. And for the purposes of this motion, I shall treat the suit laid in Albany county as coupled with each of the other suits, and drawing it to the jurisdiction of the motion to consolidate each and all of the others with that.

It is further to be observed, that by the Code (§ 125) *all* these actions, even were there so many libels, *must*, unless on motion the court order otherwise, be tried in Albany county; and that the defendants have made the proper demand for changing the place of trial to Albany county. Albany county is a county where the actions all are triable, and the motion is properly made here.

The time to plead, in all, follows that in the county to which they are drawn by the consolidation, which is hereby extended fifteen days.

---

## TUTTLE a. SMITH.

*Supreme Court, Second District; General Term, April,* 1857.

ACTION ARISING ON CONTRACT, FOR RECOVERY OF MONEY ONLY.—FORM OF SUMMONS.—REMEDY FOR IRREGULARITY.—WAIVER.

The provision of subdivision 1 of section 129 of the Code—which prescribes the form of the notice to be contained in a summons in an action arising on contract for the recovery of money only—must be applied only to actions for the recovery of a definite sum of money as such, and without calling upon the court to ascertain or adjudge any thing but the existence and terms of the contract by which it is due; and an action that requires the determination of amounts unliquidated, in their nature requiring other proof and depending upon other considerations than such as appear in the contract itself, is not to be deemed an action for the recovery of money only, but rather an action to establish and ascertain the plaintiff's right to damages, which are to be paid in money.

In an action of the latter nature, the amount of damages is not admitted by the defendant by a failure to answer.