JOYNRS, J.,
delivered the opinion of the court:
The court is of opinion that there is no error, to the prejudice of the appellants, in so much of the decree as makes a provision by way of settlement for the appellee Sarah P. Spencer. The court is of opinion that the amount of said settlement ought not to be abated by deducting therefrom the sum of $781.50, recovered from the estate of David R. Hill on account of what was bequeathed to said Sarah P. Spencer by her father, 'William Hill, and by her divided among her children, because, though the act of Mrs. Spencer in thus giving up that amount during the progress of this cause, was urged by the appellants, in their petition for a rehearing, as a ground of objection to any settlement upon her, no exception was filed by them to the amended report of the commissioner, made two 3rears after the filing of that petition, correcting other errors in the former report pointed out by the petition, but taking no notice of this objection. The objection must, therefore, be considered as abandoned by the appellants, and the court must presume that it would have been repelled if it had been insisted on.
But the court is of opinion that there is error in that part of the decree, to the prejudice of the appellee Sarah P. Spencer, in deducting the sum of sixty dollars from the amount reported by the amended report as the amount *that ought to be settled upon the said Sarah, which error, however, may be corrected in the subsequent progress of the cause, by decreeing to her that additional amount, with interest thereon; and does not make it necessary to reverse the decree.
And the court is further of opinion, that there is error in so much of the decree as dismisses the cross bill of the appellants, for which the cause should be reversed. The cross bill was necessary to put in issue the fairness and validity of the deeds of trust in favor of jDavid H. Spencer and Green-berry Nickols, and the validity of David H. Spencer’s purchase at the sale under Stone’s fi. fa. The court is of opinion, that the deed of trust of David H. Spencer has not been successfully impeached, and that the same must be taken to be valid, and that there should be an inquiry by a commissioner whether the one-half of William Spencer’s debt to J. & O. Williams, claimed b3r Greenberry Nickols in his answer, and forming part of the amount provided for in his deed of trust, belonged, at the date of said deed of trust, to the said Nickols, or to the appellants P. P. and T. J. Penn, administrators of Greenville Penn deceased. *269 If, upon such inquiry, it shall be found, that the said half of said debt belonged to the said Greenberry Nickols, then the, amount thereof should be deducted from the amount of the judgment and execution of the said appellants, which should be held valid only for the residue after such deduction, and the deed of trust of said Greenberry Nickols should be held valid for the whole amount provided for thereby. But if, upon such inquiry, it shall be found that the said half of said debt belonged to the said appellants, then the amount thereof should be deducted from the amount provided for in the deed of trust of said Nickols. And it not appearing that the said sum was included in the amount provided for by said deed with :('any fraudulent intent in case such deduction should be made, should not be set aside altogether, but should be held valid for the residue after such deduction.
The court is farther of opinion, that the sale under Stone’s fi. fa. of the interest of William Spencer in the estate of David R. Hill deceased, was invalid upon the principles of Clough v. Thompson, 7 Gratt. 26, and ought to be set aside and annulled. It does not appear whether David H. Spencer went into possession under his purchase at the said sale, but if he did, he is liable to account for all the rents, hires, and other profits of the property embraced in said sale, while the same remained in his possession or under his control, and also for the value of any of the said property that may have been sold by him, or otherwise converted to his use, or lost by his act or willful default. He will be entitled to be reimbursed the sum of $305, paid by him to the sheriff as the consideration for said purchase, with interest from ihe time of payment, inasmuch as in this collateral proceeding Stone’s execution must be held to have been regular and valid, but he is not entitled to be reimbursed out of the real estate, which is the property of said Sarah P. Spencer, nor out of the fund already settled or to be hereafter settled upon her.
The court is further of opinion, that the decree dismissing the cross bill is also erroneous in not directing an account of the surplus of the property in question after satisfying the provision decreed to said Sarah P. Spencer, though, if there were no other error, this might be corrected without reversing the decree, as was done in Marks & al. v. Hill & al., 15 Gratt. 400.
It is therefore adjudged and ordered, that so much of the decree in this cause as makes a provision by way of settlement for the appellee Sarah P. Spencer, be affirmed, and that the said decree be in all other things ^'reversed and annulled, and that the appellees, who are personal representatives, out of the assets in their hands respectively, and the other appellees, out of their own estates respectively, pay to the appellants their costs about their appeal expended. And the cause is remanded to the Circuit court for further proceeding, according to the foregoing opinion and decree.
Decree reversed.