# Charleston.

5  231
43  123

ANDREW H. BEACH vs. LEVI J. WOODYARD et al., and JOHN D. WHITE et al.

January Term, 1872.

1. The rule for the consolidation of suits is alike in equity and at law, and the matter is always addressed to the discretion of the court. The proper mode for bringing the subject to the attention of the court is by motion for a rule to show cause why the suits or actions should not be consolidated.

2. Where the parties are the same, and separate suits have been brought in equity upon matters which might have been united in one suit, and the defense is the same in all, a consolidation rule ought to be granted. But where the suits are by different plaintiffs, proceeding against different funds of the defendant, to satisfy separate and distinct liens; and where, as in the present case, the judgment lien of the plaintiffs in one of the suits against the defendant, was created long subsequent to the institution of the other creditor's suit, and subsequent to the report of the master ascertaining the liens and their privities, and a decree confirming the same adjudicating the merits of the cause and enforcing the liens of such other creditors against the property of defendant elected by them for that purpose, it was not improper to refuse consolidation.

These causes were submitted together by the appellant, Andrew H. Beach. The oldest suit was Woodyard against the appellant, and it was instituted in March, 1868. The causes arose in Kanawha county.

The opinion of Moore, J., contains an ample statement of the facts concerning the only points involved.

*T. B. Swann* for the appellant.
*Smith & Knight* for the appellees.

MOORE, J. These causes were proceedings in equity, in the circuit court of Kanawha county, to enforce judgment liens. The defendant has appealed to this court, and submitted the causes together. No error is assigned in the case of *Woodyard* vs. *Beach and others*, and as none appear from the record suf-

232    COURT OF APPEALS OF WEST VIRGINIA.

Jan'y Term,    Beach vs. Woodyard et al., and White et al.    1872

ficient to justify a reversal of the decree of November 8th, 1870, the said decree should be affirmed, with costs and damages.

As to the cause of *White & Bibby* vs. *Andrew H. Beach*, but one question was raised by the argument, and the only point assigned as error by the defendant, viz : "That the court erred in refusing to consolidate the two causes, at the costs of White and Bibby, upon the motion of Beach," I cannot see any reason to lead me to the opinion that the rule for the consolidation of suits in equity should be different from that established for actions at law, unless governed by statute.   In the cases of *McRae* vs. *Boast*, 3 Randolph, 481, the court held that, "the consolidation of actions is not a matter of right, nor is it the proper subject of any plea, either in bar or in abatement.   It depends on the circumstances of the case, and is addressed to the discretion of the court; and the only proper mode of bringing it to the views of the court is by a motion for a rule to shew cause why the actions should not be consolidated."   I am of opinion that where the parties are the same, and separate suits have been brought in equity upon matters which might have been united in one suit, and the defense is the same in all, a consolidation rule ought to be granted; for, otherwise, the defendant would be oppressed, if not ruined, by an unnecessary accumulation of costs.   But where the suits are by different plaintiffs, proceeding against different funds of the defendant to satisfy separate and distinct liens, as in the cases before us; and where the judgment lien, as in the case of the plaintiffs, White & Bibby, was created long subsequent to the institution of the creditor's suit by Woodyard, and subsequent to the master commissioner's report ascertaining the liens on the property proceeded against in Woodyard's suit, and their priorities, and a decree confirming said report, adjudicating the merits of the cause, and enforcing the liens against the property elected by the creditors in the first suit, having been entered before the institution of the suit by the subsequent judgment creditors, it seems to me, the court may, in its discretion, refuse to consolidate.

The proceedings are to enforce judgment liens against the property of a person living; the first creditors have selected a particular tract or lot of land ascertained to be sufficient to

priorities have been ascertained, and the lot of land ascertained to be sufficient to satisfy the liens; the judgment of the court has been pronounced, holding that particular property liable for the satisfaction of those ascertained liens, when White & Bibby institute their suit to enforce a judgment lien, that is subsequent to all those set up in the Woodyard suit, against a lot of land not mentioned in the Woodyard suit. It seems to me they have a right to make their election sure, by selecting that fund most certain to satisfy their lien, and the court should not force them into the prior suit. I think the case is different from those cases where creditors proceed against the estate of a deceased person, and there is a deficiency of assets. It is also different where the property is proceeded against by numerous creditors in separate suits. In such cases the court will order the proceedings in all the suits but one to be stayed, and will require the several parties to come in under the decree in such suits, so that only one account of the estate may be necessary. *Hallett* vs. *Hallett*, 2 Paige R., cited in Story's Eq. Pl., § 100, note 2, and in *Stephenson* vs. *Taverners*, 9 Gratt., 405. In such cases it is necessary to bring all the creditors into one suit to save the property from being consumed by unnecessary costs. In the case of Woodyard, all the liens that existed at the time were ascertained and reported by the commissioner; the lien of White & Bibby having attached subsequently, the amount of costs occasioned by their suit could not so burden the property as to affect the rights of the creditors, or oppress the defendant; therefore, there being no necessity for the consolidation of the suits, even if it had been proper to have opened again the Woodyard suit for the purpose, I think the court did not commit error in refusing to consolidate.

The decree should be affirmed, with costs and damages.

The other judges concurred.

DECREE AFFIRMED.