## WYATT v. THOMPSON, et al.

Decided May 2, 1877.

1877.
January Term.

1. The consolidation of causes is a matter always addressed to the discretion of the court. Where the parties are the same, and separate suits have been brought in equity which might have been united in one suit, and the defense is the same in all, a consolidation would be proper; but where the suits are by different plaintiffs proceeding against different funds in the hands of different defendants to satisfy separate and distinct leins, a consolidation is improper.

2. The proper mode of procuring a consolidation of causes, is by motion for a rule to show cause why the causes should not be consolidated.

3. When adult defendants fail to except to the report of a commissioner, they are generally deemed to acquiesce therein.

4. A case in which a consolidation of causes would be improper:

5. Where defendants have had ample time to make a particular defense to a suit, and have not done so, and show no reason why they have not before made such defense, they cannot be permitted to come in at the last moment and raise such defense, and have the cause sent back to a commissioner, or otherwise delayed; but the answer raising such defense may be filed, but under such circumstances cannot delay the hearing of the cause.

6. Where an administrator is proceeding in a court of equity to enforce the lien, of a judgment recovered by him against persons who are distributees of the estate, the cause cannot be delayed, until there is a settlement of the administrator's accounts.

Appeal and *supersedeas* granted upon the petition of Sylvester Thompson, Nancy Thompson and Joshua S. Harriman, to several decrees of the circuit court of Kan-

awha county, rendered in several causes therein pending, in one of which M. P. Wyatt, was plaintiff, and Sylvester Thompson and others, were defendants; in another of which M. P. Wyatt, was plaintiff, and W. A. Forqueran and others, were defendants; and in the third M. P. Wyatt, administrator of Nancy Smith, deceased, was plaintiff, and Joshua S. Harriman and others, were defendants.

JOHNSON JUDGE, who delivered the opinion of the Court prepared the following statement of the case:

Bills in equity were filed in these causes respectively, in the circuit court of Kanawha county, to enforce certain judgment liens described therein.

The bill in the second of these causes alleged the recovery of the judgment before a justice of the peace, the docketing thereof, that execution issued, returned "no property," and filed as an exhibit a transcript of the judgment as filed in the recorder's office, alleging that the defendants had no personal property, but had real estate in the county of Kanawha, and prayed that the real estate might be sold to pay the judgment liens.

Nancy Thompson demurred to the bill, and also answered, and in her answer says: "That she does not owe the plaintiff one cent, and that if he has such judgment as he describes in his bill, the same was procured by accident, mistake, or fraud; that a man by the name of Henry Stowers sold her note for about the sum of $50, upon which judgment was rendered before said plaintiff as magistrate, upon which execution was issued and retured satisfied, the same having been paid by the defendant in full. Said defendant cannot, therefore, see how the plaintiff has a judgment in his own name, and she knows of no other judgment, having been rendered against her than that in favor of Stowers, and which has been paid as before stated. No transcript of the judgment claimed by the plaintiff is filed by plaintiff with his bill, and the defendant, therefore, demurs to said bill for want of same, and for other errors apparent on the face

of the bill." The defendant requires strict proof of the allegations of the bill, &c.

In this cause an interlocutory decree was rendered on the 26th day of July, 1872, as follows: "This cause came on to be heard on the proceedings had at rules, the bill regularly taken for confessed as to the defendant, Sylvester Thompson, and on the answer and demurrer of the defendant, Nancy Thompson, filed at the present term, and upon the general replication to said answer, and the joinder in said demurrer by the complainant, and the demurrer set down for argument, and upon the exhibits filed in the cause, affidavits, statements, and depositions filed in the cause, and being argued by counsel, upon consideration thereof, the court is of opinion that the bill is sufficient in law, and doth overrule the said demurrer, and doth refer the cause to a master of this court to ascertain and report what real estate the defendants, and each of them have, and the liens by judgment or otherwise upon the same, and the amounts thereof, and their priorities respectively." Reference to a commissioner was also made in the other causes to ascertain the same facts.

The only other answer that appears by the record to have been filed in any of said causes, was filed in the third; that answer was filed by Joshua S. Harriman, Sarah E. Forqueran and Nancy Thompson, and is as follows: "The defendants say that the plaintiff is administrator of Nancy Smith, as alleged in his bill, and that each of the defendants are distributees of said estate; that said plaintiff has never settled his administration accounts, or accounted for anything that went into his hands as such administrator; that at the sale of the personal estate of the decedent, Nancy Smith, the several distributees purchased portions of said estate, and that by direction and with the assent and approbation of the said M. P. Wyatt, administrator as aforesaid, the said defendant and the other distributees, settled and accounted among themselves for all of said pur-

chases. The said defendants have in their possession the receipts from all the distributees of said estate known to be now living, verifying the truth of this allegation, and which they are prepared to show to any commissioner, who may be designated to settle the administration accounts of the said Wyatt; they deny the right of said Wyatt, to collect $1 of the claims set up against defendants, and they pray that 'the said plaintiff may be required to settle his administration accounts, before a master commissioner of this honorable court. The defendants pray that this answer may be deemed aud taken as a cross-bill, seeking affirmative relief against said plaintiff, and that the said plaintiff may be decreed to pay to the defendants, and to the other distributees of the said estate, such sums as may be respectively due them from the plaintiff as administrator aforesaid, including the costs of this suit."

The decree referring the third of the said causes, the one in which the above answer was filed, was entered on the 11th day of June, 1873, and directed the commissioner to report:

1. What real estate the defendants, or either of them have, with a description thereof.

2. What liens there are upon the same, their amounts and priorties.

3. What personal estate is applicable to the satisfaction of complainant's claim. And such other matters as may be deemed pertinent or either party may require.

The commissioner on the 2d of March, 1874, reported there was no personal property of defendants to pay the debts; and reported the liens, and the real estate of the defendants, Nancy Thompson and Sarah A. Forqueran, liable for the plaintiffs' claim, and that the defendant, Harriman had no estate, real or personal. To this report there was no exception. Reports in the other cases were filed, and to them there was no exception, nor to either of them.

On the 24th day of June, 1874, the three causes were

heard together, " on the bills and exhibits, the answer of the defendants, and replications thereto, the several orders and decrees made therein, and upon said reports in each case respectively, and upon the depositions of witnesses filed therein respectively, and being argued by counsel, upon consideration thereof, the court is of opinion, and doth adjudge and decree, that the said reports be confirmed, there being no exception thereto, or to either of them, and the defendants' motion to recommit said reports, is overruled. The Court also refused to consolidate the causes.

The decrees proceeded to order the moneys due the complaint in each case to be paid by defendants, and in default of such payment for thirty days, the lands of the defendants were ordered to be sold by a special commissioner therein appointed, to pay the several amounts due with costs. From the several decrees entered in the cases, the defendants Sylvester Thompson, Nancy Thompson and Joshua S. Harriman, appealed to this Court.

*James M. Laidley*, for appallant, referred the Court to the following authorities:

1 Dall., 147; 1 Yeats (Pa.), 54, 128; 3 Ser. & R., 264; 1 Bouv., L. D., 499.

*J. H. & J. F. Brown*, for appellee, (Wyatt), referred to the following authorities:

*Beach v. Woodyard*, 5 W. Va., 211; 3 Rand., 481; 7 Leigh, 331; *Penn adm'r v. Spencer et al.*, 17 Gratt., 85.

JOHNSON, JUDGE, delivered the opinion of the Court.

The first error assigned is that the court refused to consolidate the several causes. In the case of *McRae v. Boast*, 3 Rand., 481, it was held, that the consolidation of actions is not a matter of strict right, nor the proper subject of a plea, either in bar or in abatement; but is addressed to the discretion of the court, and the proper mode of bringing it on is, by motion for a rule to show cause why the actions should not be consolida-

1877.
January Term

Wyatt
v.
Thompson *et al.*

ted. In this case there was no motion made for a rule, and if there had been, we do not think that a consolidation of the causes would have been proper. In *Claiborne v. Groos et al.*, and *Wimbish v. same*, 7 Leigh, 331, the court held that where two creditors by several judgments file separate bills in chancery, impeaching a conveyance of land made by the debtor as fraudulent, the chancellor on the motion of one of the plaintiffs, consolidates the causes, but the final decree dismisses the bills respectively, and the plaintiffs respectively appeal, the order of consolidation was improper. In *Beach v. Woodyard et al.*, and *White et al.*, 5 W. Va., 231, it was held that the rule for the consolidation of suits is alike in law and equity, and the matter is always addressed to the discretion of the court. Where the parties are the same, and separate suits have been brought in equity upon matters which might have been united in one suit, and the defense is the same in all, a consolidation rule ought to be granted, but where the suits are by different plaintiffs, proceeding against different funds of the defendant to satisfy separate and distinct liens, it was improper to consolidate the causes. Here the parties are different, and different defenses might have been made. In one of the cases, the plaintiff sues as a personal representative. It would have been error to have consolidated the causes.

It is insisted for appellants that there is no proof of the judgment in the second of said causes, and claimed that the answer of Nancy Thompson puts the plaintiff upon proof of his judgment set up in the bill.

Nancy Thompson does not deny the judgment; she says as to it, "if the plaintiff has any such judgment it was procured by accident, mistake or fraud." She does not deny that she was served with process, and does not deny that such a judgment was obtained. But if there could be any difficulty about that matter, it is put at rest by the report of the commissioner, who finds such a judgment did exist against her and she does not except

to the report. Even where a party files a cross bill, in which he sets up a special charge against a party, if upon taking the account by a commissioner, this item is not charged, and the plaintiff in the cross bill does not except to the report, for the failure to make this charge, it will be considered as abandoned by the plaintiff. *Penn's adm'r v. Spencer et al.*, 17 Gratt., 85. When the report of the commissioner was made finding the judgment against the defendants, and they did not except to the report, they are concluded by it. When adult defendants fail to except to a report of a commissioner they are generally deemed to acquiesce therein. *Laidley v. Kline, adm'x,* 8 W. Va., 218.

The appellants claim that the court rejected the answer of Harriman, Sarah E. Forqueran and Nancy Thompson to the bill of Wyatt adm'r of Nancy Smith, and insist that this was error. The appellants are in error on this point, as to a matter of fact, the record discloses that the answer was filed and replied to. It is insisted that it was error to decree the sale of Nancy Thompson's, and Joshua S. Harriman's land, until the question of fact raised by their answer, had been disposed of either by proof before the Court or in the mode indicated in the answer. The commissioner reports that Harriman had no estate real or personal, liable to the judgment. The questions of fact raised by the answer were disposed of by the decree. The defendants had about two years or more in which to have perfected their defense, they had an opportunity before the commissioner to have shown the facts set up in the answer, if they were material; they did not choose to do so, and at the very last moment they cannot be permitted to come in and raise a new defense without showing why they had not done it before, and have this cause sent back to a commissioner or otherwise delayed, and the plaintiff did the best thing he could do, to let the answer be filed and reply to it and let the court decide the case, which the court did, and there being no

proof whatever to sustain the defense set up in the answer, very properly rendered the decree it did.

Another objection made to the decree is that the court erred in decreeing a sale of the lands of the distributees of Nancy Smith, deceased, until it was shown that there was necessity for such sale in order to pay the debts of plaintiff's intestate. It was not necessary for the bill to allege anything of the kind.

Wyatt, as administrator of Nancy Smith, deceased, had recovered judgment against the defendants, Harriman, Forqueran and Nancy Thompson, and according to the 8th section of chapter 139 of the Code, the plaintiff had the right to enforce his judgment liens at any time against the lands of the judgment debtors. *Pecks v. Chambers*, 8 W. Va., 210. And if there was any reason why in that particular case it ought not to have been done, it was for the defendants to show it, which as we have seen, they failed to do. From anything that appears to the contrary, the complainant required the money to pay the debts of Nancy Smith; and there was certainly nothing shown in the cause why he ought not to have had a decree to enforce his judgment liens.

We have failed to find any errors in the several decrees of the circuit court of Kanawha county in these several causes, and for the reason stated herein, the said several decrees are affirmed with $30 damages and costs to the appellees, M. P. Wyatt and M. P. Wyatt, administrator of Nancy Smith, deceased, against the appellants.

DECREES AFFIRMED.