Haymond, Judge,
announced the opinion of tire Court:
The first .error assigned by the appellant in his petition is, that the court erred in confirming the report of master commissioner, Barna Powell, dated 2d of August, 1877, made in this cause. The report of the said commissioner of the 2d of August, 1877, is the second and last report made by said commissioner, to which there were no exceptions filed by the appellant or any other party or person. The court in its do- *445 cree of tlie 8tli day of October, 1877, confirmed the first report of the commissioner, as amended by this second report, and also confirmed said second report, to which no exceptions were filed. The errors complained of by the exceptions of appellant filed to the first report were entirely removed by said second report; and the court in its said decree of the 8th day of October, 1877, and on the face thereof ascertained the several liens against the appellant’s lands, the respective amounts thereof and their priorities. But the counsel for the appellant claims, that the liens, which are judgment-liens, are not ascertained according to the dates of the judgments. This may be so to some extent. But if the court did err in this respect, I do not see, that the appellant is or can in any way be prejudiced thereby. If any of the parties can be injured thereby, it may be some of the judgment-creditors, and not the appellant, and none of the creditors complain of any error in this respect, but by their counsel ask the affirmance of the decree. This Court as a general rule will not reverse a decree of the court below at the instance of an appellant for an error or irregularity in a decree by which the appellant can not be prejudiced. -In this case the appellant never demurred to or answered to the plaintiff’s bill; and in fact the only appearance, which he ever made in the cause by way of pleading in any form prior to or at the time o'f the making and entering by the court of the s^aid decree of sale of the 8th day of October, 1877, was to file exceptions to said first report, the grounds for which were entirely removed by the second report.
The second, third, fourth, fifth, sixth, seventh and eighth assignments of error contained in his said petition are as follows, viz.:
“Second. The court erred in refusing to grant the prayer of your petitioner, filed in open court on the 13th day of October, 1877.
“Third. The court erred in refusing to set aside the decree made in said cause, and entered on the 8th day of October, 1877.
“Fourth. The papers in the cause show that the debts pressing amounted to about one thousand six hundred and sixty-nine dollars and eight cents; that the tract of land *446 mentioned, in complainant’s bill was worth twenty thousand dollars; that even during these hard times it would rent for at least from six hundred to eight hundred dollars per year, as is shown by affidavit of complainant himself, and consequently in less than three yeai-s, the rents would pay off all these debts, interest and costs due and pressing — in fact, that certain responsible parties were ready and willing to take the land and pay said liabilities in thirty months from that time; yet the court refused to rent the land, but directed the same to be sold, which your petitioner assigns as a grievous error.
“Fifth. The court erred in refusing to exercise the discretionary power in the decretal order made on the 13th day of October, 1877, and direct the renting of said land for a sufficient time to pay the debts of defendant, Morelicad, as prayed for in the petition of defendant.
“Sixth. The court erred in deciding that under the law of this State it had no discretion to exercise in regard to the renting of said tract of land for the purpose of paying the debts aforementioned.
“Seventh. The court erred in directing a sale of the entire tract of land mentioned in complainant’s bill to satisfy the judgments of "W. J. II., FT. Goff, C. C. Cole, &c., under the circumstances, because the record shows that there were other and prior liens of long standing, amounting to six thousand nine hundred and five dollars and twenty-four cents, 'as appears from Commissioner Powell’s report.”
These assignments of error of the appellant I propose for the sake of convenience and brevity to consider together. The plaintiff filed his bill at April rules, 1876, and the decree of sale appealed from was not entered until the 8th day of October, 1877. Still the appellant never answered the bill, as we have seen. There were two orders of reference to a commissioner of the court, the first made in July, 1876, and the second in April, 1877, of both of which references the appellant had actual notice. The appellant excepted to the first report of the commissioner but did not except to the second report of the commissioner, which removed the grounds of the appellant’s exceptions to the first report. It fully appears, that the appellant had full and ample time and opportunity to take testimony before the commissioner to prove the value *447 of the land as well as the value of the annual rents and profits of the land prior to the time, when said commissioner made his respective reports, and prior to the making of said decree of sale. It furthermore appears that he had ample time and opportunity before said decree of sale was made, to file his answer setting up most of the matters stated in-his petition, and to ask the court to decree the renting of the land instead of the sale thereof. But of each and all these rights and privileges he utterly and wholly neglected to avail himself; and he fails to show in his petition any sufficient reason or excuse in a court of justice for his omission or neglect in this respect. The decree of sale, as we have seen, was made and entered on the 8th of October, 1877, and the appellant did not file his said petition praying the .court to set aside said decree of sale until afterwards and on the 13th day of October, 1882, which was most probably near the close of that term of the court, which, it seems, convened early in September.
“Upon a bill to enforce a judgment-lien, the court may decree a sale of the land; but it is not bound, and ought not to decree such sale, if the rents and profits of the land will satisfy the liens charged upon it in a reasonable time, unless consent to such sale be made. What is a reasonable time is a matter of discretion by the court. The discretion so to be exercised is not an arbitrary one, but a sound discretion in the interest of fairness and prudence toward all the parties and is of course reviewable in the appellate court. To have the real estate rented rather than sold is a privilege accorded to the debtor and others interested, and they must exercise it in the inferior court; and the decree must show that they asked a rental of the property, and it was refused, before the decree for that reason, will be reviewed in the appellate court. The inferior court must be called onto say, whether in a reasonable time the rents and profits of the real estate will pay the liens charged upon it; and this discretion must first be exercised by the court below, before this court will revino the decree of said court; and upon such review this court will not reverse it unless it appear that the court erred in the exercise of that discretion.” Rose & Co. et al. v. Brown et ux., 11 W. Va. 122.
*448 To bave the real estate rented rather than sold, it is true, is a privilege accorded to the debtor under certain circumstance; but to entitle the debtor to have the benefit of this privilege he must exercise reasonable diligence in claiming it in the court below, and he must ask a rental of the property, before the decree of sale is entered, unless he shows to the courtbelow a good and sufficient reason, why he did not ask it, before the decree of sale was entered. When a defendant has had ample time to make a particular defense to a suit and has not done so, and shows no sufficient reason, why he has not before made such defense, he cannot be permitted to come in at the last moment and raise such defense, and have the cause sent back to a commissioner or otherwise delayed; but the answer raising such defense may be filed, but under such circumstances cannot delay the hearing of the cause. Wyatt v. Thompson et al., 10 W. Va. 645.
In this case the appellant was examined as a witness before the commissioner, and he neither gave nor offered any testimony tending to show, that the annual rents and profits of the real estate would pay the debts or any part thereof in any time whatever. In tact he neither gave nor offered any evidence on that subject before the commissioner or otherwise before said decree of sale. The appellant, as we have seen, neither filed nor offered to file an answer to the bill, or in any way or manner aslc the court to rent said reahy before said decree of sale, and he fails to show in his petition any good or sufficient reason for his said failures or even any of them. In his said petition to the court below the appellant states, that he has in his possession papers showing, that his indebtedness to Mrs. Lee, executrix, &c., is not as great as reported by the commissioner by the amount of nearly one thousand dollars; but he does not exhibit said papers or any part of them, and he fails to show or state any good or sufficient reason, why he did not present said papers, if any such he has, to the commissioner, before he made either of his reports. The commissioner in his first report says:
“Before referring to the matter which I am specially called upon and' directed to make report, I desire to inform the court in this manner as to the cause of delay in completing *449 this report, and the apparently large sum taxed as the fees for the same. The depositions show continuances from day to day and from time to time. These were all made at the request of the defendant Morehead, who has caused the delay irom time to time for no reason that I could see except to prevent the completion and filing of this report. Many of these continuances were made by me in consideration that he would produce and file the receipts given him for the payment of interest to George H. Lee, deceased, or to his personal representative since his death upon the judgment hereinafter set out, and notwithstanding his repeated promises to produce said receipts, for some reason known to himself he has not produced them, and I have been compelled to make up my report upon that judgment upon the admissson in writing ot T. ~W. Harrison, Esq., counsel for Virginia Lee, executrix of George Ii. Lee, deceased, filed with this report.”
The appellant in his said petition also states, “that in the year 1874 he made sale of two acres of the land mentioned in complainant’s hill to Roberta Real, for which he gave to her a title-bond; that the said writing was placed upon the records in the clerk’s office of .the county court of Wood county on the 22d of July, 1874, in Deed Book Ho. 35, page 6; that the said Roberta Heal is not made a party to the suit of W. J. Ilill against your petitioner and others in complainant’s hill in this said cause filed, nor are her interests protected in said decree aforesaid.” It is a sufficient reply to this suggestion and objection of the appellant to say, that the last clause of said decree of sale is as follows : “It appear ing to the court that the said Morehead has sold two acres of said one hundred and thirty-eight acres of land to Roberta Heal, as appears by his title-bond oí record, bearing date 22d July, 1874, it is ordered, that said commissioner do except from any sale made by him hereunder the said two acres of land.” The record does not show, that the appellant applied to the court for a continuance of the cause, before the said decree of sale was entered of record by the court, for any purpose, and it nowhere appears in the record except in the appellant’s petition to the court below, to which I have referred, that appellant at any time made any claim to the court, that he was entitled to any credits upon the Lee judg *450 ment, which had not been allowed to lmn. llio statement of the court below in its said decree of sale is a sufficient reply to the appellant’s said seventh assignment of error.
Bor the foreging reasons I see no error in the said decrees rendered in this cause on the 8th and 18th days of October, 1877; and the same must therefore be affirmed, and the appellant must pay to the appellees thirty dollars damages and their costs about their defense of the appeal and supersedeas in this cause in this Court expended; and this cause must be remanded to the said circuit court of "Wood county for such further proceedings therein to be had, as are in accordance with the principles and rules governing courts of equity.
Judges Green and Johnson OoncuRbed.
DECREES AEEIRMED. CAUSE B.EMANDED.