(35 Misc. Rep. 77.)

MASON v. EVENING STAR NEWSPAPER CO. OF WASHINGTON, D. C.

(Supreme Court, Special Term, New York County. May, 1901.)

CONSOLIDATION OF CAUSES.

Plaintiff brought two actions in the same court against the same defendant, for breach of the same contract, claiming in one case as the assignee of a domestic corporation, and in the other as the assignee of a foreign corporation bearing the same name. *Held*, that defendant's motion to consolidate the two actions would be denied, where it was doubtful which of these corporations defendant contracted with, unless he would stipulate that plaintiff could elect with which action the other should be consolidated, and that the defendant would not object that two causes of action were improperly joined, or move that plaintiff should be called upon to elect on which cause of action he would stand.

Actions by Frederick G. Mason against the Evening Star Newspaper Company of Washington, D. C. Motion to consolidate.

William C. Davis, for plaintiff.
Swayne, Swayne, Morris & Fay, for defendant.

SCOTT, J. These are two actions by the same plaintiff against the same defendant, brought to recover damages for the breach of

the same contract. The motion is to consolidate them. Such a motion is addressed to the sound discretion of the court. Code Civ. Proc. § 817. The defendant made a contract with a corporation known as the "Associated Press" for the furnishing of news for a stated price per week. This contract was assigned by the Associated Press to another corporation, known as the "United Press," which assignment, as it is alleged, was consented to and acquiesced in by the defendant. It is further alleged that, after the assignment of the contract, the United Press continued to fulfill the obligations originally undertaken by the Associated Press, until the defendant refused further to abide by the contract, and for this refusal the present actions are. brought. It appears, however, that there were two corporations known as the "United Press,"—one organized under the laws of the state of Illinois, and the other under the laws of the state of New York. Their affairs seem to have been somewhat interwoven, and there is a question to which of the corporations thus bearing the same name the contract between the defendant and the Associated Press was assigned. The plaintiff is assignee for benefit of the creditors of the United Press of New York, and, as such, brought one of these actions, claiming that the contract in question had been assigned to that corporation. The United Press of Illinois, claiming that it was to it that said contract had been assigned, executed an assignment of its claim for damages thereunder to one Walter P. Phillips, who began an action in this court against the defendant to recover damages for the breach of said contract. Subsequently, Phillips assigned any claim for damages he might have to the plaintiff, who was substituted as plaintiff in the action originally brought by said Phillips.

To justify a consolidation of two actions, it is not sufficient to show that they are between the same parties, and that the causes of action are such as may be joined in one complaint. So much must be shown, at all events, and, until it is shown, no occasion arises for the court to exercise its discretion. In order to call into operation the discretion of the court in favor of the motion to consolidate, the defendant must go further, and show either that no defense is intended, or that the questions which will arise are substantially the same in both actions. When different questions are to be litigated, it is usual for the court to deny the application. Wilkinson v. Johnson, 4 Hill, 46; Dunning v. Bank, 19 Wend. 23. The reason given for this. rule, which is that the witnesses may be different in the two suits, and that the jury may be embarrassed by the investigation upon one trial of several transactions having no connection with each other, does not apply to the present case, because the evidence will be substantially the same in each case; the question being as to what inference should be drawn from the facts as to the identity of the particular United Press to which the assignment was made by the Associated Press. As the case stands at present, the plaintiff says to the defendant: "You made a contract with one of two corporations bearing the same name. That contract you broke. I do not know with which corporation you contracted, but I hold the assignment of the claims of both, and therefore am entitled to recover damages in

either case." The defendant does not deny that it made a contract with one of the two corporations, but leaves it to the plaintiff to show with which particular corporation it so contracted. Clearly, there is here a single issue, which ought, if possible, to be tried in a single action. The plaintiff, however, apprehends that if the actions be consolidated he may be confronted with one or both of two embarrassments—First, it may be said that the claims are inconsistent, and therefore cannot be united in a single action; and, second, he may now, or at some future time, be called upon to elect upon which cause of action he will stand. It is doubtful whether the claims can be said to be inconsistent, because they are both for the same breach of the same contract. The question of election is, however, more serious. The plaintiff himself does not seem to have been a party to, or in any wise connected with, the assignment of the contract from the Associated Press to the United Press. He has therefore no more knowledge as to which United Press was the assignee of the contract than the defendant has. All he can do is to present the facts to the court, leaving it to the jury to say which United Press was the true assignee. If the actions are consolidated, that question will not even be important, because the plaintiff alleges that he holds whatever claim either had. He should not be called upon to run any risk as to what the jury may find upon the state of facts which will be presented. The motion to consolidate will be granted upon the following terms: First, that the plaintiff be permitted to elect with which action the other shall be consolidated; second, that the defendant stipulate that it will not, by demurrer or otherwise, object that the two causes of action are improperly united in the same action, and will further stipulate that no motion or suggestion will be made, at any time before the verdict is rendered, that the plaintiff be called upon to elect upon which claim he will stand. If the defendant is unwilling to thus stipulate, the motion to consolidate will be denied, with $10 costs.

Ordered accordingly.