## WINTERS, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

#### St. Louis Court of Appeals, April 30, 1907.

1. **PRACTICE: Consolidation of Actions.** Under section 749, Revised Statutes of 1899, the trial court may order the consolidation of two more actions when founded "alone upon liquidated demands" by the same plaintiff against the same defendant, and under the rule of common law two actions may be consolidated when they might have been joined in one petition in separate counts; but where the issues in the two actions to be determined are different, they cannot be consolidated against the objection of the defendant.

2. ——: ——: **Waiver.** Where two actions were brought against a railroad company at the same time and in the same court, one of which was for damage to horses which went upon the defendant's right of way on account of an insufficient fence and were frightened by a passing train so that they ran against a barbed wire fence, and the other for damage to a horse struck by a train after having gone upon the right of way on account of the insufficient fence, the court had no authority over the objection of the defendant to consolidate the two actions and the defendant did not waive his right to object to the consolidation by special defenses pleaded setting up that the plaintiff had split his cause of action.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED AND REMANDED *(with directions).*

*L. F. Parker* and *Moses Whybark* for appellants.

Both suits were for unliquidated damages, and the statute authorizes the consolidation of suits by the court, of its own motion, where they are "founded alone upon liquidated demands," and in no other case. R. S. 1899, sec. 749; Anderson v. Gaines, 156 Mo. 668.

*Ward & Collins* for respondent.

(1) As to the alleged error of trial court in combining the two cases on its own motion; such action on

the part of the court was done at the invitation of the
appellant, and if this were technically erroneous, the
court was led into it by appellant. "Appellant cannot
complain of error invited by it, and cannot be heard to
complain of error into which it led the court, nor profit
thereby." Garst v. Good, 50 Mo. App. 151; Lane v.
Railroad, 35 Mo. App. 570; Lee v. Hassett, 39 Mo. App.
67; Guentley v. Staed, 77 Mo. App. 163; O'Neal v. Blase,
90 Mo. App. 648; Summers v. Ins. Co., 90 Mo. App. 691,
701; Christian v. Ins. Co., 143 Mo. 468; Young v. Hutch-
inson, 62 Mo. App. 512; Roe v. Bank, 167 Mo. 427. (2)
Appellant by taking the position before the trial court
that both cases constituted but one cause of action, one
demand, and one entire suit, is estopped from claiming
that the court erred in combining same and making one
demand, one cause of action and one entire suit out of
the two causes of action. Appellant is estopped from
complaining of error into which he himself led the court,
by the position he took in the lower court. Abbott's
Trial Brief (2 Ed.), p. 340; Reardon v. Railroad, 114
Mo. 406; White v. Nelson Mfg. Co., 53 Mo. App. 341.

GOODE, J.—Two separate actions were instituted
in the circuit court between these parties to recover
damages for injuries to stock. In one of the actions the
petition contained two counts to recover the value of two
horses alleged to have been damaged by running against
a barbed wire fence while under the influence of fright
induced by a passing train. Each count alleges de-
fendant's line of railroad was not inclosed by a good and
lawful fence at the point where the horses entered. The
other action was instituted to recover double damages
for injuries to a horse struck by a train, said horse hav-
ing entered on the right of way on account of a defec-
tive fence. Defendant filed, in the two cases, general
denials and also pleas in bar, stating that the several
injuries to plaintiff's property sued for existed at the

time both suits were instituted, were caused by the same train, on the same day and at the same place, and composed one entire cause of action, but that plaintiff had split his one entire demand and cause of action and brought two suits for the same, which were pending and both docketed for trial. The special defense concluded by alleging as follows:

"And so the defendant says that plaintiff is barred from prosecuting either of said suits, because the said plaintiff had harassed and is still harassing this defendant by dividing one entire demand and one cause of action, and instituting two suits against this defendant for the same, and defendant prays judgment herein against this plaintiff for costs."

On motions filed by the plaintiff the pleas in bar were struck out in both cases as constituting no defense, thus leaving nothing to be tried but the issues framed by the petitions and the general denials. Thereupon the court called both cases and both parties announced ready for trial. Immediately following this announcement, the court, of its own motion, consolidated the two actions, directing that the petition in the action for double damages be treated as the third count of the petition which originally contained two counts. After this order the two actions stood as one, in which the petition contained three counts, to-wit; the first two for single damages for injuries to two horses due to their running into a barbed wire fence in consequence of being frightened by the negligence of defendant's servants, and the third for double damages for injuries to a horse from contact with a locomotive. An exception saved to the order of the court consolidating the two causes presents the only question to be considered. The case was tried by a jury and resulted in a verdict in plaintiff's favor on all three counts. After looking into all the cases dealing with the consolidation of actions which we have found cited in the legal digests and encyclopedias, our conclusion is

that the court had no power, either under the statute or
the common law, to order the consolidation of the two
actions against the defendant. Certainly this power was
not conferred by the statute; for it goes no further than
to allow several suits founded "alone upon liquidated de-
mands" by the same plaintiff against the same defendant
or by the same plaintiff against several defendants, to be
consolidated in the discretion of the court where the
suits are pending, if such a course appears expedient to
the court. [R. S. 1899, sec. 749; Anderson v. Gaines,
156 Mo. 664.] Courts have an inherent power at com-
mon law, to order the consolidation of actions within
certain limits; and whether or not this common law au-
thority is superseded or restricted by the statute need
not be determined; for we are persuaded that it did
not authorize the present consolidation. Under the third
clause of section 593 of the statutes (R. S. 1899) plain-
tiff's two actions might have been joined in one peti-
tion in separate counts; and there are both authority and
reason for holding that when this is true, the actions
may be consolidated under appropriate statutes or at
common law. [Percy v. Seward, 6 Abb. Pr. 326; Solo-
mon v. Belden, 12 Abb. N. C. 58; People v. McDonald,
1 Cow. 189; Cecil v. Briggs, 2 Dur. & East 639; Wolver-
ton v. Lacey, 30 Fed. Cas. 417 (No. 17932); Kahn v.
Kuhn, 44 Ark. 404; Beach v. Woodyard, 5 W. Va. 231;
Hatcher Co. v. Bank, 79 Ga. 542; Bentley v. Gay, 67
Ga. 667; Edwards v. Scott, 77 Wis. 477; Gross v. Ins.
Co., 92 Wis. 656; Smith v. Smith, 80 Cal. 323; Lee v.
Township, 42 N. J. L. 543; Keep v. Railroad, 10 Fed.
454.] The California and Wisconsin courts and the New
York courts in the later cases, acted under statutes
broader than ours and allowing consolidation if the
causes might have been joined in one petition; and the
Federal court acted under a statute permitting consoli-
dation whenever it is reasonable. The weight of decis-
ion is that consolidation may not be ordered against

the objection of the defendant, and particularly where the issues to be determined are different; as obviously they were in the present instance. [Amos v. Chadwick, 4 Ch. Div. 869; Groff v. Musser, 3 Ser. & R. 262; Dunning v. Bank, 19 Wen. 23; Dunn v. Mason, 7 Hill 154; Mason v. Evening Star, 71 N. Y. Supp. 203; Boyle v. Island Co., 33 N. Y. Supp. 836; Thompson v. Shepherd, 9 Johns. 262; Fisher v. Mayor, 17 W. Va. 628, 644; Worley v. Glentworth, 10 N. J. L. 241.] But it is said defendant invited the court to consolidate the causes and for that reason and because it sustained no harm by the order, the judgment ought to be affirmed. An attentive study of the answers has convinced us the defendant did not invite the order. The special defenses proceeded on the theory, not that plaintiff had brought two suits on separate and distinct causes of action which might have been united in one, but had brought two suits on one cause of action. In other words, had split his demand, and, hence, defendant had a right to plead one action in bar of the other. These answers were not supported by the facts or by the petitions; for the causes of action pleaded and proved were entirely distinct. Granting, therefore, that the special defenses failed; they in no way invited the court to consolidate the two actions or even suggested such a thing; though, perhaps, the court got the idea of consolidating from them. Instead of inviting this course, the defendant objected to it.

Neither do we assent to the contention that no prejudice resulted to the defendant from the consolidation. The issues to be tried were entirely different and the law gave defendant a right to a separate jury to try each set of issues.

The judgment is reversed and the cause remanded, with directions to the court to set aside the order consolidating the causes and try them separately. All concur.