FLORENCE W. PEASLEE, as Administratrix, etc., of JONATHAN G. WITHERBEE, Deceased, Plaintiff, *v.* EVELYN W. MILLER and Others, Defendants.

Supreme Court, New York County, October, 1922.

**Practice — jurisdiction of Supreme Court — construction of will — court in county where action first brought retains jurisdiction — motion for stay or consolidation denied.**

A Supreme Court action brought by the executors of F. against the administratrix with the will annexed of W. and others for the construction of the last will of W. and for the determination of the rights and interests thereunder of all the parties to the action, was commenced in Essex county, where the will was admitted to probate, by the service of the summons alone upon certain of the defendants. From the complaint in an action subsequently brought in New York county by the administratrix with the will annexed of W., and from the affidavits presented upon the present motion made in said action for an order directed to and requiring certain of the defendants to show cause why all proceedings on their part as plaintiffs in the other action should not be perpetually stayed, or, in the alternative, why both actions should not be consolidated, it appeared that the action last brought would involve a construction of the same will which the plaintiffs in the other action seek to have construed therein. It also appeared that all of the parties to the Essex county action are parties to the New York county action, but the latter includes some parties not named in the former. *Held*, that both actions being directed to the same end, due regard for the court in Essex county, which first acquired jurisdiction, required a denial of the motion *in toto*.

MOTION to stay another action and consolidate it.

*Cadwalader, Wickersham & Taft* (*Edwin P. Grosvenor*, of counsel), for plaintiff.

*Charles D. Miller*, for defendant Evelyn W. Miller.

*Thomas B. Gilchrist*, for defendant Florence W. Peaslee.

*Ethelbert I. Low,* for defendants Mary S. Witherbee and Evelyn W. Miller, as executors, etc.                                                    .

*Charles S. Foote,* for defendants George C. Foote and Frederick H. Foote, as executors, etc.

*John F. Charlton,* for defendants Edward H. Peaslee and Florence W. Peaslee, as executors, etc. '

MARSH, J.   This is a motion upon an order directed to certain of the defendants requiring them to show cause why all proceedings on their part as plaintiffs in a certain action pending in Essex county shoul1 not be perpetually stayed, or, in the alternative, why the said action should not be consolidated with the action in which the motion is made.   The action in Essex county was commenced by the service of a summons without any complaint attached.   The summons names as plaintiffs Frederick H. Foote and George C. Foote, as executors under the last will and testament of Wallace T. Foote, Jr., deceased, and names as defendants Florence W. Peaslee, individually and as administratrix with the will annexed of the estate of Jonathan G. Witherbee, deceased; Mary S. Witherbee and Evelyn W. Miller, individually and as executrices under the last will and testament of Frank S. Witherbee, deceased; Frederick H. Foote and George C. Foote, as administrators with the will annexed of the estate of Sophie G. Witherbee, deceased, and Frederick H. Foote and George C. Foote, as administrators with the will annexed of the estate of Mary Witherbee Foote, deceased.   The service of the summons was made in Essex county on August 19, 1922, on the defendants Mary S. Witherbee and Evelyn Miller, both individually and as executrices under the last will and testament of Frank S. Witherbee, deceased.   On the same day copies of the summons were mailed to New York city for the purpose of service upon other defendants residing in the county of New York.   No complaint has ever been served or filed, as all proceedings in that action were temporarily stayed by a restraining clause contained in the order to show cause.   It appears, however, from an affidavit submitted on this motion by the attorney for the plaintiffs in the Essex county action that the said action was brought " for the purpose of secuing an interpretation and construction of the will therein referred to of Jonathan G. Witherbee, deceased, and of the rights and interests thereunder of the plaintiffs and defendants named in said action." The papers also contain a letter from the said attorney to the attorneys for the plaintiffs in the present action in which it is stated that " both actions are directed to the same end."   The action in which the present motion is made is brought by Florence

W. Peaslee, as administratrix with the will annexed of the goods, chattels and credits of Jonathan G. Witherbee, deceased, plaintiff, against Evelyn W. Miller, Florence W. Peaslee; Mary S. Witherbee and Evelyn W. Miller, as executrices of the last will and testament of Frank S. Witherbee, deceased; George C. Foote and Frederick H. Foote, as administrators with the will annexed of the goods, chattels and credits of Sophie G. Witherbee, deceased; George C. Foote and Frederick H. Foote, as administrators with the will annexed of the goods, chattels and credits of Mary W. Foote, deceased; George C. Foote and Frederick H. Foote, as executors of the last will and testament of Wallace T. Foote, Jr., deceased; Edward H. Peaslee and Florence W. Peaslee, as executors of the last will and testament of Charlotte S. Witherbee, deceased, and Walter C. Witherbee, defendants. The relief demanded includes a settlement of the accounts of the plaintiff, as administratrix, a determination of the rights of the parties to the property and funds in her hands, and a decree of distribution, together with a settlement of certain incidental matters connected with the main issues. It appears from the complaint and the affidavits that the action will involve a construction of the will of Jonathan G. Witherbee, deceased, the same will which the plaintiffs in the Essex county action seek to have construed therein. The complaint was verified August 19, 1922. Jurisdiction was first obtained over any of the defendants by the voluntary appearance of a number of them on August 21, 1922, and issue was thereafter joined through service of verified answers by such defendants.

Various considerations have been urged by the respective parties upon this motion, dealing for the most part with questions of convenience as to the place of trial. All of the parties to the Essex county action are parties to the New York county action, but the latter includes some parties not named in the former. The residences of the parties are about equally divided between the two counties. All of the letters testamentary and of administration under which any of the parties derive their power to act were issued in Essex county, and the will of Jonathan G. Witherbee was probated there. On the other hand, the plaintiff in the New York county action contends that most of the documents and papers which will be actually needed for proof upon the trial are in New York county, and that the case can be more conveniently tried here.

Assuming the power of the court to grant the motion in one or the other of its branches, I have very grave doubt of the propriety of its doing so. The motion, as already stated, asks for either a perpetual stay in the proceedings in Essex county or a consolidation

of that action with the New York county action. The first two subdivisions of rule 63 of the Rules of Civil Practice provide as follows: " 1. A motion on notice in an action in the supreme court must be made within the judicial district in which the action is triable or in a county adjoining the county in which it is triable. 2. Where the action is triable in the first or the eighth judicial districts, the motion must be made in the district where the action is triable; and a motion on notice cannot be made in the first district in an action triable elsewhere." Substantially the same provisions were contained in the Code of Civil Procedure, section 769. Essex county is of course in the fourth district, and New York county in the first. In *Erie Ry. Co.* v. *Ramsey*, 45 N. Y. 637, it was held that the Supreme Court in an action pending in one district has the power to enjoin proceedings in a prior action in another part of the state, and that an injunction so issued is not void, but the court deprecated the exercise of the power unless in extreme cases and where the most serious consequences would result from a refusal. No reference was made to the fact that the actions were pending in separate districts. In *Dupignac* v. *Van Buskirk*, 44 Hun, 45, the General Term of the first department held that an order made in an action pending in Kings county in the second district consolidating an action pending in New York county with the Kings county action was absolutely void because violating the provisions of section 769 of the Code. The plaintiff refers to the case of *Percy* v. *Seward*, 6 Abb. Pr. 326. In that case the plaintiff brought sixty-two separate actions simultaneously against the same defendants, one in each of the counties of the state, for the same cause of action, namely, the publication of an alleged libel in a newspaper. Both plaintiff and defendants resided in Albany county, and a motion was made in that county for a consolidation of all of the actions with the one there pending. The court discussed the objection that most of the counties were neither within the third district nor adjoining it and remarked that if it were sound no court could be found having jurisdiction to consolidate actions in counties widely removed. In granting the motion, however, the court relied largely on the fact that the residences of the parties gave the defendants an absolute right of removal of all of the actions to Albany county and that demands for such removal had been promptly and duly served. The two cases last mentioned are the only ones discovered by the court or by counsel after diligent search in which there has been any discussion or consideration of the right to consolidate actions pending in the Supreme Court in counties which are neither in the same district nor immediately adjacent.

No doubt it is undesirable that two actions involving the same fund or subject-matter should proceed simultaneously, but as the Court of Appeals said in *Schuehle* v. *Reiman*, 86 N. Y. 270: " it would seem also that if both tribunals, whose interference has been invoked, have equal or concurrent jurisdiction, it should continue to be exercised by that one whose process was first issued." Service upon a defendant having been first made in the Essex county action, it would seem that the court there acquired jurisdiction first, even though matters proceeded less promptly thereafter.

While the New York county action may have a somewhat wider scope and includes additional parties, it is not suggested that complete adjudication of all matters in dispute cannot be had in Essex county by appropriate pleadings and motions there. When the issues shall have been defined the court in Essex county may even conclude that the interests of justice may require a removal of the place of trial to New York county, and the way would then be clear for a consolidation of the two actions. That method of procedure was suggested in *Dupignac* v. *Van Buskirk*, *supra*, as well as the method of moving for consolidation simultaneously in both actions. Simultaneous motions are recommended in 2 Abbott's Practice and Forms, 1521.

Due regard for the jurisdiction of the court in Essex county requires the denial of this motion.

Ordered accordingly.